ANFENGER ET AL. v. ANZEIGER PUB. CO.

In an action against the directors of a corporation brought under Gen. St. 184, section 16, making directors jointly and severally liable for the corporation debts for the preceding year, on their failure to file the report of debts and capital required by the statute, the complaint is bad if it fails to aver that the corporation was doing business in the county in the recorder's office of which it claims the report should have been filed, to set out the contract of indebtedness on which the action is brought, the default of the corporation, and the directorship of the defendants, as of such dates as to show the liability of the defendants under the statute.

*Appeal from County Court of Arapahoe County.*

THIS action was brought against the appellants, as directors of the German Printing Company, under the following statute:

"Sec. 16. Every such corporation shall annually, within sixty days from the 1st day of January, make a

report, which shall state the amount of its capital, and the proportion actually paid in, and the amount of existing debts, which report shall be signed by the president or secretary of said company, under its corporate seal, and filed in the office of the recorder of. deeds of the county where the business of the company shall be carried on. And if any such corporation shall fail so to do, unless the capital stock of said corporation has been fully paid in, and a certificate made and filed as provided in section twelve (12) of this act, all the directors or trustees of the company shall be jointly and severally liable for all ·the debts of the company that shall be contracted during the year next preceding the time when such report should, by this section, have been made and filed, and until such report shall be made." Gen. Laws, 184.

Messrs. BARTELS and BLOOD, for appellants.

ELBERT, J. The complaint is bad. The averment that the defendant company failed to file the financial report required by the statute in the office of the recorder of deeds of the county of Arapahoe has no force, without the further averment that the defendant company carried on its business in that county. Unless this last was the fact, the statute cast upon it no duty to file the report in the county of Arapahoe. The default of the company upon which the liability of the defendants depends does not appear. Neither does the complaint allege, except inferentially, when the debt was contracted. The language of the statute is: "The directors or trustees of the company shall be jointly and severally liable for all the debts of the company that shall be contracted during the year next preceding the time when such report should, by this section, have been made and filed, and until such report shall be made." The contract of indebtedness, the default of the corporation, and the directorship of the defendants, should all be averred, and as of such dates as

to show the liability of the defendants under the statute. The court erred in overruling the demurrer to the complaint.

The judgment is reversed and the cause remanded, with leave to the plaintiff to amend.

*Reversed.*