WETHEY, APPELLANT, *v.* KEMPER, RESPONDENT.

[Submitted February 6, 1896. Decided February 10, 1896.]

CORPORATIONS—*Annual report—Personal liability of trustees—Pleading.*—Section 460, Fifth Division of the Compiled Statutes, making the trustees of a corporation personally liable for company debts upon failure to file an annual report in the office of the clerk in the county where the business of the company is carried on, being penal in its nature must be strictly construed, and therefore a complaint in an action seeking to enforce such liability which fails to state the county in which the business of the company is conducted, or that it was engaged in any business in any county, is bad on demurrer. (*Gans* v. *Switzer,* 9 Mont. 408, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to enforce personal liability of trustee of a corporation. Defendant's demurrer to the complaint was sustained by MCHATTON, J. Affirmed.

*John A. Shelton,* for Appellant.

*F. T. McBride,* for Respondent.

PEMBERTON, C. J.—This action was commenced against the defendant as one of the trustees of the Constitution Mining, Milling & Prospecting Company, a corporation, to recover damages alleged to have been sustained by plaintiff by reason of the alleged failure upon the part of said corporation to comply with the terms of a certain contract or lease of a certain engine and boiler, entered into by said corporation and W. A.

Clark on the 15th day of April, 1888, and which contract was afterwards assigned to plaintiff. The corporation is alleged to be insolvent.

The complaint alleges, among other things, "that said corporation has wholly failed to publish in any newspaper, or to file in the office of the county clerk and recorder of the county, a report, as required by section 460, ch. 25, div. 5, Comp. St. 1887."

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and plaintiff declining to amend his complaint, judgment was entered in favor of the defendant for costs. From this judgment plaintiff appeals.

The only question it is necessary to consider is as to whether the complaint contained facts sufficient to constitute a cause of action against the defendant as trustee of the corporation. The complaint nowhere states in what county the business of the corporation was carried on, or that it was engaged in any business in any county in this state. The statute under which this suit is prosecuted against the defendant is penal in its character, and must be strictly construed. (*Chase* v. *Curtis*, 113 U. S. 452, 5 Sup. Ct. 554; *Anfenger* v. *Publishing Co.*, 9 Colo. 377, 12 Pac. 400; *Gans* v. *Switzer*, 9 Mont. 408, 24 Pac. 18.) In order to recover of the defendant as trustee, it was certainly necessary that the plaintiff should prove that no report was filed by the corporation, or any other person whose duty it was to file the same under the statute, with the clerk and recorder of the county in which said corporation carried on its business. If it was necessary to prove this, it was necessary to allege the failure to file the report with the clerk and recorder of the county in which the business was carried on. We think the complaint, under the authorities, is fatally defective.

The judgment appealed from is affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.