WHITEFOOT, RESPONDENT, *v.* NATIONAL FRATERNITY
BUILDING AND LOAN ASSOCIATION, APPELLANT.

[Submitted April 9, 1896.   Decided April 13, 1896.]

BUILDING AND LOAN ASSOCIATION—*Action to recover subscription—Pleading.*—Under
chapter 33, Fifth Division of the Compiled Statutes, providing for the organization
of building and loan associations and authorizing a member to receive back the
amount of subscriptions paid in by him upon withdrawing from the association, a
complaint in an action by a member so withdrawing, to recover his subscriptions,
which fails to allege that the defendant association was organized under the pro-
visions of such chapter, is bad on general demurrer. (*Wethey* v. *Kemper*, 17 Mont.
491, cited.)

SAME—*Same—Pleading—Interest.*—In an action by a withdrawing member against a
building and loan association to recover the amount of his subscriptions and interest,
where the statute authorizes repayment in such case of the amount of the subscrip-
tion paid in, together with such interest as the by-laws may determine, the complaint,
in order to support a recovery for interest, should state the rate of interest which the
by-laws had determined.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION by member of building and loan association to re-
cover subscriptions paid in     Judgment was rendered for the
plaintiff below by ARMSTRONG, J., on demurrer to the com-
plaint.   Reversed.

Statement of the case by the justice delivering the opinion.

The defendant appeals from a judgment entered against it
upon the overruling of its demurrer to the complaint.   The
complaint was brought under the provisions of chapter 33,
Division 5 (General Laws), Compiled Statutes, and particu-
larly section 648 of that division.   The complaint set up that
the defendant is a corporation, duly organized and doing busi-
ness under the laws of this state; that plaintiff was a subscriber
to the stock of said corporation, and for 30 shares thereof;
that, as such subscriber for stock held in said corporation, he
has paid to the corporation, at different times, divers sums
amounting to the total of $264.   These payments, the com-
plaint alleges, were regular monthly payments, due from the
plaintiff to defendant on said stock; that on the 1st day of

May, 1893, the plaintiff gave notice to defendant that he intended and desired to withdraw as a stockholder and subscriber in the defendant corporation, and that he demanded payment to him of the amount of moneys which he had so paid to the corporation, with interest at the rate of 8 per cent. from the date of each payment, and offered and tendered to defendant his passbook and certificates, amounting to the sum of $298.62; that such payment was refused; and that there is now due him $298.62, and interest from date of filing the complaint, at the rate of 8 per cent. To this complaint the demurrer was filed, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and judgment entered for the plaintiff.

*C. W. Morse* and *Cockrill & Pierce*, for Appellant.

*D. C. Campbell*, for Respondent.

DE WITT, J.—The plaintiff claims upon argument that, the defendant being a corporation, organized under chapter 33, Fifth Division of the Compiled Statutes of 1887, providing for the organization of building and loan associations, and that he, plaintiff, being a stockholder in the same, and having paid subscriptions as alleged in his complaint, is entitled to demand the moneys so paid to be returned to him under the provision of section 648, which is one of the sections of said chapter 33. The provision of that section which is material to this inquiry is as follows :

"That any stockholder desiring to withdraw from said corporation, shall have power to do so by giving sixty days' written prior notice thereof, and at the expiration of sixty days from date of service of such notice, such stockholder shall be entitled to receive the amount paid in by him, and interest thereon at such rate per annum or such proportion of the profits thereon as the by-laws may determine, less any initiation fee, and all fines and other charges assessed against such stock pursuant to the provisions of the by-laws."

The law as to building and loan corporations has this pro-

vision just quoted, which is unusual, and not found in laws as to corporations generally. The plaintiff, having paid in his subscription, if he is to recover them back in an action, must state the facts entitling him to demand such recovery. In this respect the complaint is fatally defective. There is no allegation whatever that the defendant was organized under the special corporation statute, to wit, Chapter 33. In corporations other than building and loan associations, the subscriber could not so demand the return of his subscription. The complaint should have alleged that the defendant was organized under the provisions of this Chapter 33. The plaintiff is seeking to recover under a specific statutory provision made in his favor, and he does not pretend to bring himself within that provision. In the case of *Wethey* v. *Kemper*, 17 Mont. 491, the action was against the trustees of a corporation, seeking to hold them liable for corporate debts, by reason of a failure to file, in the office of the clerk of the county where the business is carried on, a report stating certain matters required by the statute. We there held that the complaint was bad because it failed to state in what county the business of the corporation was being conducted. We said in the case: "In order to recover of the defendant as trustee, it was certainly necessary that the plaintiff should prove that no report was filed by the corporation, or any person whose duty it was to file the same under the statute, with the clerk and recorder of the county in which said corporation carried on its business. If it was necessary to prove this, it was necessary to allege the failure to file the report with the clerk and recorder of the county in which the business was carried on. We think that the complaint, under the authorities, is fatally defective." We think it is equally necessary in this case to plead that the defendant was the sort of corporation from which the plaintiff would be entitled to demand back the subscriptions which he paid in.

The complaint does not state the rate of interest or such proportion of the profits which the by-laws of the corporation had determined. Therefore the allegation in the complaint de-

manding 8 per cent. interest would not be sufficient to entitle the plaintiff to recover any interest. But, notwithstanding this defect, the complaint would be good on general demurrer if it showed that plaintiff was entitled to recover his subscriptions without interest. The demurrer should have been sustained upon the grounds first above mentioned, and for that reason the judgment will be reversed, and the case remanded, with instructions to sustain the demurer.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.