### FAIRBANKS, MORSE & CO. v. MACLEOD ET AL.

1. CORPORATIONS—DIRECTORS' LIABILITY—PLEADING.

In an action to charge directors of a corporation with liability for its debts because of failure to file the annual report required by statute, it is necessary to aver the county in which the corporation carried on business.

2. PLEADING—AIDER.

A defective complaint may be aided by admissions in the answer and by proof.

3. APPEAL—JURISDICTION—WAIVER.

A plaintiff who has been nonsuited in the county court must, as a prerequisite to an appeal to the district court, move to set aside the nonsuit. Yet, an objection on the ground of failure so to do is waived if not made in apt time in the district court.

4. FOREIGN CORPORATIONS.

The failure of a foreign corporation, doing business in this state, to comply with the requirements of law relating to the filing of a certificate, naming an agent on whom process may be served, does not constitute a defense to an action by it upon a contract made in this state.

*Error to the District Court of Arapahoe County.*

A WRIT of error was sued out by Fairbanks, Morse & Co. to reverse a judgment of nonsuit entered against them in an action which they brought against Macleod and four other persons as directors of The Cripple Creek Gold Extraction and Power Company to recover a claim which that company owed the concern for goods sold and delivered between the 1st of November, 1892, and the 1st of March, 1893. The only thing which need be stated with respect to the sale is that it included sundry and divers hardware supplies and

machinery amounting in value to $1,282.30.    Of this sum
the Cripple Creek Company paid $700.    The value, sale and
delivery of the goods was sufficiently established to prevent
a nonsuit and put the defendants on their proof, if otherwise
the plaintiffs made out a case.    The whole controversy turns
on what the record discloses respecting the allegations of the
complaint, the admissions of the answer, and the proof tend-
ing to show the failure of the company to comply with the
statute, which imposes a liability on the directors of corpora-
tions if they fail to file a certificate of full paid stock in the
office of the secretary of the state and the county where
they do business, or fail to make the annual statement of
the amount of capital and the proportion paid in and the
amount of debts within sixty days after the 1st of January
Fairbanks, Morse & Co. appear to be a corporation organized
under the laws of Illinois, and some question is raised in
regard to their right to do business because of an alleged
failure to comply with the statute which requires foreign
corporations to file a certificate with the county clerk nomi-
nating a business agent.    The Illinois corporation filed a
certified copy of its articles of incorporation with the secre-
tary of state, and likewise a certificate nominating an agent,
but did not file this certificate with the county clerk of Arap-
ahoe county, where the sale was made by a local represen-
tative of the concern.    The complaint is quite inartistic and
its allegations do not accord with the rules of good pleading.
It contained an averment that The Cripple Creek Gold
Extraction and Power Company did not file any certificate
of full paid stock in the office of the secretary of state, and
likewise that the company was a corporation, and " did not
file its annual statement within sixty days after the 1st of
January, 1893, as in the statute made and provided."    These
are the only two allegations which are involved in the dis-
cussion, as in other respects probably the complaint would
be unimpeachable as a statement of a cause of action.    The
suit was begun in the county court and the plaintiffs were
there nonsuited.    An appeal was taken to the district court.

No motion was made to set aside the nonsuit, which is a pre-requisite to the right of appeal to the district court. This is stated because this point is made in the briefs. To dispose of it, a short statement must be made of the proceedings in the court to which the case went by appeal. In the district court, the plaintiff asked leave to amend his complaint, obtained an order therefor, and subsequently filed an amended pleading. The defendant Macleod demurred; the other directors failing to appear or further contest the case. The demurrer was overruled, but Macleod did not except to this ruling or stand on his demurrer, but filed an answer raising an issue of fact as to some of the matters stated in the complaint. The fourth allegation with respect to the annual statement was directly admitted. The third paragraph, respecting the failure to file a certificate of full paid stock with the secretary of state, was in reality admitted by the answer;—if not in direct terms, it was implied by the statement which Macleod made with reference to his knowledge about it and that it was procured to be filed in May, 1894, after the sale of the goods. Macleod attempted to plead as a defense the failure of Fairbanks, Morse & Co. to file a certificate nominating a business agent in Arapahoe county, where the goods were sold.

Mr. J. C. HELM and Mr. W. J. WEEBER, for plaintiffs in error.

Mr. JOHN S. MACBETH, for defendants in error.

BISSELL, J., delivered the opinion of the court.

The preceding statement discloses the only legal propositions presented by the record. Tested by demurrer, the complaint was insufficient. *Anfenger et al. v. Anzeiger Pub. Co.*, 9 Colo. 377; *Wethey v. Kemper*, 43 Pac. Rep. 716.

Had the defendant stood by his demurrer, no judgment could have been entered for the plaintiff on the complaint

and proof.  Those cases clearly decide it to be necessary to aver the county in which the corporation does business where directors are sought to be charged because of a failure to file the statutory statement.  General Statutes 1883, secs. 248 and 252.

Clearly, the complaint was vulnerable to demurrer because of the generality of its allegations.  This case, however, is distinguishable from the *Anfenger Case*.  In the present suit the defendant answered and expressly admitted the allegation "that there was a failure to file the annual statement within sixty days after the 1st of January, 1893, as in the statute made and provided."  This admission contained a clear implication that the company had not filed its certificate in the county where it did business, and, since the answer conceded the Power Company to be a corporation, doing business in the state, it conceded a locus within its limits and within the boundaries of some county.  This admission was aided by the proof which showed the company did business in El Paso county, at Cripple Creek, and received the goods and used them for several months in that county in the prosecution of their business.  When this admission is taken into consideration, it is hardly possible to concede the case to be within the limits of the rule laid down in that case.  The action is undoubtedly penal.  Parties are held to strict proof respecting the facts essential to establish the liability of the defaulting directors, but the defect in the pleading cannot be held fatal because it fails to state a cause of action when such an averment is admitted, and when it is aided by proof showing the county where the company did business.  The allegation is that the company did not file its annual statement as provided by statute.  The statute requires it to be filed in the county where the corporation does business.  The defendant admitted the failure to file the statement.  As he did not see fit to rest on his demurrer, we must take this pleading as a sufficient statement of a cause of action to prevent a nonsuit, where otherwise the cause of

action is conceded.   This is the principal proposition on which the case depends.

Some other matters must be referred to.   It is insisted that the district court acquired no jurisdiction because of the failure to file a motion to set aside the nonsuit before perfecting the appeal.   This prerequisite is conceded, and yet the neglect to file the motion does not operate to bar the jurisdiction of the district court.   If the defendant Macleod had in apt time filed his motion to dismiss, it would have been granted.   The appeal would have been dismissed and the judgment of the county court would have been final.   He attempted to raise the question at several stages in the proceedings, but not until after he had filed a demurrer to the complaint, which was confessed, and leave given to the plaintiff to amend. Even if this motion was not too late to bar this remedy, when the motion was overruled he filed an answer and subsequently tried the issue which that answer raised.   This was undoubtedly a general appearance in the district court, which is a court of general jurisdiction.   Having failed to stand on his rights or to assert them in apt time and rely on his contention, he is precluded from contesting the jurisdiction of the district court.   This question has been many times decided in analogous cases.   These decisions are conclusive.   *Cunningham v. Bostwick*, 7 Colo. App. 169 ; *Schoolfield v. Brunton et al.*, 20 Colo. 139.

The defendants in error likewise insist the judgment should be affirmed because Fairbanks, Morse & Co. did not observe the statute which requires a foreign corporation to file a certificate nominating an agent in the county where it does business.   This was pleaded as a defense, and is now insisted on.   The question has been directly settled by the supreme court, in a very recent case, adversely to this position.   *Kindel v. Lithographing Co.*, 19 Colo. 310.

The opinion is entirely satisfactory, and put on an indisputably correct basis.   It clearly holds this failure is no defense to an action for goods sold and delivered.

There is only one other matter which need be referred to,

to dispose of everything suggested which is of sufficient importance to require attention.   Macleod became a director of the company in February, and subsequently the company paid on the account a sum greater than that for which the action was brought.   It seems to be seriously insisted because this is true that this payment absolves Macleod from all liability for the unpaid balance of the bill.   This does not accord with the statute or the interpretation put on it in any case to which our attention has been called.   In the first place, the credit would naturally go to the earliest items of the account, and the creditor would have the right to so apply them in the absence of a specific direction by the debtor.   *Perot v. Cooper*, 17 Colo. 80.

This would seem to dispose of any difficulty in the matter, but it must be decided against the defendants in error on the further ground that Macleod's liability, if it existed, extended to the entire debt, because it was contracted within a year prior to the time the annual statement became due. He was a director during the period named by the statute, which devolved the duty on him to see the annual statement was prepared and filed.   A breach of duty would charge him with a liability for the unpaid debts for the preceding year, regardless of the question of this application of the payments. It may be he can controvert the plaintiffs' cause of action in other respects.   We must conclude, however, the nonsuit was improvidently granted, and the judgment must be reversed and sent back for further proceedings.

When the case returns to the district court, both parties will be permitted to file such amendments as they may be advised, and the case must then proceed along the lines indicated in this opinion.

*Reversed.*