### DAVIS v. MILLS et al.

#### (Circuit Court, D. Connecticut.   December 13, 1897.)

#### No. 457.

CODE PLEADING—JOINDER OF CAUSES OF ACTION—SAME TRANSACTION.
    By the Montana statute, the president and a majority of the trustees of a Montana corporation are required to file annual reports in a certain office, stating certain facts, and on failure to do so all the trustees are made jointly and severally liable for the then existing debts of the corporation. *Held*, that in an action in Connecticut, to charge a trustee individually under this statute, several different debts due the plaintiff may be joined, under the provision of the practice act permitting joinder of causes of action arising out of the same transaction, since the failure to file the report was the "transaction" from which the defendants' liability arose.

    This was an action by Andrew J. Davis against Hiram R. Mills and others to charge them personally with liability for the debts of a Montana corporation, of which they were trustees.   The case was heard on a motion by the plaintiff to add a third count to his complaint.

    Hungerford, Hyde, Joslyn & Gilman, for plaintiff.
    Gross, Hyde & Shipman, for defendants.

    SHIPMAN, Circuit Judge.    The defendants were trustees of a Montana corporation.    By a statute of Montana, the president and a majority of the trustees of a Montana corporation are required to file annually, in a specified office, at a specified time, a report containing the facts, which the statute also specifies, and upon failure to do so all the trustees are jointly and severally liable for the then existing debts of the corporation.    The complaint alleges that the trustees did not file such a report in 1893; that the corporation then owed two debts which, together, amounted to over $2,000, of which the plaintiff became owner by assignment; that it is insolvent; and that the defendants are liable to pay these two debts by virtue of said statute.    The plaintiff now moves to add a third count, alleging like facts in regard to a third debt of $1,000 or more.    The complaint was served June 30, 1897.    The defendants oppose the motion.

    Divers defenses will be presented against the existence of the alleged liability of the defendants, but the validity of those defenses cannot be considered upon a mere motion to amend the complaint by the addition of a new count containing an additional cause of action of the same character with those stated in the previous counts. All that can now be considered is whether the proposed count is permissible by the practice act of Connecticut, which declares that several causes of action can be united in the same complaint if they

are brought to recover. Subdivision 7 of section **7** provides: "Upon claims, whether in contract, or tort, or both, arising out of the same transaction or transactions connected with the same subject of action." The purpose of the Montana statute was to afford a remedy to a person who was deemed to have been injured by the wrongful conduct of the trustees in omitting to make a report. Huntington v. Attrill 146 U. S. 657, 13 Sup. Ct. 224. The statutory remedy of each existing creditor was an action ex delicto (Stokes v. Stickney, 96 N. Y 323), and I assume that the assignee of these three claims acquired by the assignment the right to use the remedies of the respective assignors. The tort which is the foundation of the defendants' alleged liability was one and the same, and from that tort there is claimed to have resulted a liability to pay three debts, which the plaintiff now owns. While I cannot define exactly the scope of the word "transaction," as used in the seventh section of the practice act, I think that these three statutory claims arose out of the same transaction,—that is, the same neglect,—and that, being owned by one person, they can be grouped in one complaint. The definition of "transaction" in Craft Refrigerating Mach. Co. v. Quinnipiac Brewing Co., 63 Conn. 551, 29 Atl. 76, while it took its shape from a set of facts different from those in this complaint, is broad enough, when applied to the alleged facts in this case, to permit the union of these three causes of action in one complaint. The motion to amend is granted.