## DAVIS v. MILLS et al.

### (Circuit Court, D. Connecticut. January 22, 1900.)

### No. 457.

1. **JURISDICTIONAL AMOUNT—ASSIGNMENT OF SEVERAL CLAIMS.**
   Rev. St. 1878, § 629, as amended by 25 Stat. 433, c. 866, § 1, providing that the circuit court shall not have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of the assignee unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made, does not prevent action in such court by an assignee of several claims, each less, but aggregating more, than $2,000, the assignors having been citizens of states other than that of defendant.[1]

2. **PENAL STATUTE—ENFORCEMENT OUT OF STATE.**
   Comp. Laws Mont. p. 728, § 460, requiring corporations to annually file financial reports, and making the trustees of one which does not liable for its debts, is not a penal statute, so as to prevent enforcement out of the state of the trustees' liability thereunder.

3. **CORPORATIONS—ASSIGNMENT OF CLAIM—RIGHT OF ASSIGNEE.**
   An assignee of a claim against a corporation has a right to enforce against its trustees their liability therefor, under a statute making them liable if the corporation fails to file an annual financial report.

4. **CONFLICT OF LAWS.**
   Validity of an assignment is governed by the law of the state where the liability arose and which is the domicile of the assignor and assignee.

John A. Shelton, for plaintiff.

Gross, Hyde & Shipman, for defendants.

TOWNSEND, District Judge. Demurrer to plea to jurisdiction in action at law. The complaint alleges that while defendants herein were trustees of the Obelisk Mining & Concentrating Company, a corporation organized under the laws of Montana, it became indebted to the assignors of sundry claims now held by plaintiff, and failed to file the report of its condition as required by law, and claims that, it being insolvent, defendants are jointly and severally liable for the amount of said claims.

The statute of Montana provides as follows:

"Every such company shall, annually, within twenty days from the first day of September, make report, which shall be published in some newspaper published in the town, city or village, or if there be no such newspaper published in said town, city or village, then in some newspaper published nearest the place where the business of the said company is carried on, which shall state the amount of capital stock and of the proportion actually paid in and the amount of existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or

---

[1] As to amount in controversy to determine jurisdiction of circuit courts, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on, and if any of said company shall fail to do so all the trustees shall be jointly and severally liable for all the debts of said company then existing, and for all that shall be contracted before said report shall be made.	No liability shall attach to any trustee, or board of trustees, by virtue. of the provisions of this section, for a failure to cause to be published in a newspaper the report in this section mentioned, if within the time herein mentioned, the said trustee, or board of trustees, or company shall annually cause said report to be filed in the office of the clerk and recorder of the county in which the business of the said company is carried on, as declared in its certificate of incorporation." Comp. Laws, p. 728, § 460.

The defendants have pleaded to the jurisdiction on the following grounds, namely:

"(1) Because the action was brought by the plaintiff as assignee of three separate and distinct causes of action, neither one of which amounts, without interest and costs, to the sum of two thousand dollars, and neither one of which could have been brought within the jurisdiction of this court by the assignor. (2) Because the sum or amount, viz. two thousand dollars, required to give jurisdiction of this action to this court, is made up by illegally joining three several counts for less amounts, each of which sets up a separate and distinct cause of action, not arising out of the same transaction, and in no way related to each other, and not proper to be joined in the same action. (3) Because the complaint is an attempt to enforce in this court a penal statute of the state of Montana, which can only be enforced in the courts of that state, and of which this court will not entertain jurisdiction. (4) Because the rights, such as they are, of the several assignors, mentioned in said complaint, to the benefits of the Montana statute, are not assignable, and do not follow the alleged assignments to the plaintiff of the said rights of action against said Obelisk Mining & Concentrating Company."

Counsel for defendants, in support of the first point, cited section 629, Rev. St. 1878, as amended by the act of August 13, 1888 (25 Stat. 433, c. 866), which provides that the circuit court shall not "have cognizance of any suit * * * to recover the contents of any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." It has been repeatedly held that the restrictions as to amounts and as to suits by assignees are distinct and independent in language and purpose; that the intent of all the legislation since the enactment of the judiciary act of 1789 has been, by the provision as to amounts, merely to prevent the dockets of the federal courts from being crowded with small cases, and, by the provision as to assigned choses in action, to prevent the creation of jurisdiction by the transfer of claims held by a citizen of the same state with the debtor to a citizen of another state. Stanley v. Board (C. C.) 15 Fed. 483; Hammond v. Cleaveland (C. C.) 23 Fed. 1; Bernheim v. Birnbaum (C. C.) 30 Fed. 885; Chase v. Roller-Mills Co. (C. C.) 56 Fed. 625.

In Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752, Judge Caldwell, delivering the opinion of the court of appeals, said:

"When the plaintiffs had acquired, in good faith, from citizens of states other than the state of which the defendants were citizens, claims amounting in the aggregate to $2,000, they had a right to sue the defendants on all of such claims in one action in the circuit court, although no one of the claims amounted to $2,000. The requisite amount and the citizenship necessary to confer the jurisdiction are united in the plaintiffs, and the jurisdiction is not

affected by the fact that the several assignors of the claims could not have maintained separate suits thereon because the claim of each was less than $2,000 in amount."

The complaint alleges that the assigned claims originally belonged to citizens of the state of Montana, and they together aggregate more than $2,000.

The second point, namely, misjoinder, was disposed of by Judge Shipman on a prior hearing, on motion for leave to amend the complaint by the addition of a third count. 83 Fed. 982. Judge Shipman was of the opinion that "these statutory claims arose out of the same transaction,—that is, the same neglect,—and that, being owned by one person, they can be proved in one complaint."

The third point raises the question whether said statute is penal, so as not to be enforceable outside the state of Montana. It is unnecessary now to consider what the law may formerly have been in the federal courts or what may now be the law in the state courts. In Huntington v. Attrill, 146 U. S. 676, 13 Sup. Ct. 231, 36 L. Ed. 1131, the supreme court of the United States says that as such a statute "gives a civil remedy at the suit of the creditor only, and measured by the amount of his debt, it is, as to him, clearly remedial. To maintain such a suit is not to administer a punishment imposed upon an offender against the state, but simply to enforce a private right secured under its laws to an individual. We can see no just ground, on principle, for holding such a statute to be a penal law, in the sense that it cannot be enforced in a foreign state or country." See, also, Whitman v. Bank, 28 C. C. A. 404, 83 Fed. 288. Counsel for defendants contends that the supreme court of Connecticut decided in Mitchell v. Hotchkiss, 48 Conn. 1, that such a cause of action was penal, and that this court is concluded by said decision. But that case only holds that the cause of action does not survive against the administrator, and that decision is not necessarily inconsistent with the opinion of the court in Huntington v. Attrill, supra. The Connecticut statute, which was considered in Mitchell v. Hotchkiss, like that of New York, which was considered in Huntington v. Attrill, is penal in the provision for the punishment of the corporate officer who intentionally neglects or refuses to file the statutory notice. Therefore, "as the statute imposes a burdensome liability upon the officers for their wrongful act, it may well be considered penal, in the sense that it should be strictly construed." Huntington v. Attrill, supra. But the Montana statute does not impose a burdensome responsibility for a wrongful act. For the benefit of the creditors of the corporation, it provides that, if any such corporation shall fail to file a report, all the trustees shall be liable. In short, it merely makes such trustee liable in case of loss by reason of his failure to watch the other officers, and see that they perform their statutory obligations. And as this provision "gives a civil remedy at the private suit of the creditor only," etc., "it is as to him clearly remedial." Huntington v. Attrill, supra. Such a transitory statutory right of action can be enforced in another state, where it does not substantially conflict with the public policy of such state. Dennick v. Railroad Co., 103 U. S. 17, 26 L. Ed. 439; Railroad Co. v. Cox, 145

U. S. 604, 12 Sup. Ct. 905, 36 L. Ed. 829; Stewart v. Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537; Railroad Co. v. Doyle, 60 Miss. 983; Whitford v. Railroad Co., 23 N. Y. 465; McDonald v. Mallory, 77 N. Y. 547. The whole question is exhaustively discussed in Huntington v. Attrill. It has been found impossible to distinguish the principles therein involved from those in the case at bar. See, also, Fitzgerald v. Weidenbeck (C. C.) 76 Fed. 695. Even if the decision in Mitchell v. Hotchkiss, supra, is inconsistent with the decision in Huntington v. Attrill, the authority of the latter case must prevail. There the court holds that the question whether such a statute is penal or remedial is one not of local, but of international, law, and adds as follows:

"In this country, the question of international law must be determined by the court, state or national, in which the suit is brought. If the suit is brought in a circuit court of the United States, it is one of those questions of general jurisprudence which that court must decide for itself, uncontrolled by local decisions. Burgess v. Seligman, 107 U. S. 20, 33, 2 Sup. Ct. 10, 27 L. Ed. 359; Railway Co. v. Cox, 145 U. S. 593, 605, 12 Sup. Ct. 905, 36 L. Ed. 829."

The fourth point raises the question whether the liability under the statute follows the assignment of the choses in action. The original choses in action are assignable, and the assignee may sue thereon in his own name, under the provisions of the statutes both of Montana and Connecticut. Sections 1351 and 1981 of the Civil Code of Montana provide as follows:

"A thing in action arising out of the violation of a right of property or out of an obligation may be transferred by the owner."

"The right arising out of an obligation is the property of the person to whom it is due and may be transferred as such."

Section 587, Code Civ. Proc., provides as follows:

"An action, or cause of action, * * * shall not abate by death, or other disability of a party, or by the transfer of an interest therein, but shall in all cases where a cause of action or defense arose in favor of such party prior to his * * * transfer of interest therein survive and be maintained by his representative or successors in interest; and in case not begun may be begun by his successor."

The Connecticut statute (Gen. St. p. 234), as to suits by assignees, is as follows:

"Sec. 981. The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name; but he shall, in his complaint, allege that he is the actual, bona fide owner thereof, and set forth when and how he acquired title thereto."

It is unnecessary to decide whether the naked right to enforce this statutory liability would be such a chose in action as to be the subject of assignment, or whether there is any conflict on this point between the law in the federal and state courts. The assignee herein has brought this action, not by virtue of the assignment of a right to enforce a penalty, but as the assignee of the notes and judgment sued on, and of the debts evidenced thereby; and, when the debt itself is assigned, the assignee thereby acquires the right to secure the benefit of such statutory remedy. Brackett v. Griswold, 103 N. Y. 425, 9 N. E. 438; Stokes v. Stickney, 96 N. Y. 323; Bolen v.

Crosby, 49 N. Y. 183; Bonnell v. Wheeler, 1 Hun, 332, 338. As such assignee, he acquires the right to every remedy available to his assignor. Hill v. Frazier, 22 Pa. St. 324. In Fitzgerald v. Weidenbeck, supra, the court, construing the statute in question, said:

"We see nothing in the nature of the claim itself which prevented the holder from assigning it. It was not, as the defendant insists, a mere penalty. It was a debt from the company to Frasier, which he might transfer like any other debt, and the assignee was entitled to all the remedies for its recovery which the original creditor would have had."

The validity of the assignment is governed by the law of the state where the liability arose, and which is the domicile of the assignor and assignee; and, so far as the right and interest of the assignee to the thing assigned is concerned, the federal courts and the courts of this state will recognize and follow the law of such foreign state. The demurrer is sustained.