HOBBS v. NATIONAL BANK OF COMMERCE OF KANSAS CITY, MO.

(Circuit Court of Appeals, Second Circuit. April 11, 1900.)

No. 157.

LIMITATION—ACTIONS AGAINST STOCKHOLDERS—NEW YORK STATUTE.
  The term "moneyed corporations," as used in Code Civ. Proc. N. Y. § 394, which prescribes the limitation governing actions against directors and stockholders of moneyed corporations, if defined in accordance with the new corporation law of 1892, is broad enough to include a mortgage trust company of another state, authorized to issue and sell its debenture bonds secured by mortgages, if it does business within the state of New York.

On petition for rehearing. For former opinion, see 96 Fed. 396.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. A decision upon the plaintiff's petition for a rehearing of this case has been delayed because the principal question which originally existed had been argued and was pending before the supreme court in Whitman v. Bank, 20 Sup. Ct. 477, Adv. S. U. S. 477, 44 L. Ed. ——, which was decided on March 5th of the present year, in affirmance of the judgment of this court. The plain-

tiff and petitioner makes the point that the supreme court held that the liability made effectual by the statutes of Kansas was created by the constitution, and that the New York court of appeals had held in Clark v. Commissioners, 148 N. Y. 1, 42 N. E. 414, that a liability created by the constitution was not a liability created by statute, and therefore not within the provisions of subdivisions 1 and 2 of section 382 of the Code of Civil Procedure. The supreme court said that the constitution and laws of Kansas were to be taken together, as making one body of law, and described the liability as "statutory in its origin." In addition, the section of the Code of Civil Procedure which is the statute of limitations in this case is section 394, which, under the amendment of 1877, treated of an action to enforce a liability created by law, which, as defined by the New York court of appeals, included pre-existing statutory liabilities and "those created by other statutes and by the constitution of 1846." Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663. The dissimilar language of the two sections makes the plaintiff's point unimportant, even if the decision of the supreme court could bear the weight attempted to be placed upon it.

The next point relates to the definition of a "moneyed corporation." The point presented in all the briefs when the case was argued was whether section 394 of the Code was broad enough to include actions against directors and stockholders of both foreign and domestic moneyed corporations. The definition of such corporations was taken to be that which existed when the section was enacted, and it was argued by the plaintiff that a moneyed corporation could mean only a New York corporation. It now appears that in 1892 a new corporation law of the state of New York was passed, and a broader definition of moneyed corporations was made. The old definition was not restricted, but the petitioner desires that the new definition should be read into section 394, states truly that the definition is a corporation "formed under or subject to the banking or the insurance law," and asserts that a corporation formed under the law of New York must have been intended. The conclusion does not follow, for the banking law expressly includes both domestic and foreign corporations, and is declared to be applicable to the corporations and individuals which are specified, and which are, a bank, individual bankers, a domestic savings bank, a domestic trust company, building and mutual loan corporations and co-operative loan associations doing business in New York, mortgage loan or investment corporations, domestic or foreign, doing business in New York, and domestic safe-deposit companies. The term "bank" means "any moneyed corporation authorized by law * * * to receive deposits of money or commercial paper, and to make loans thereon." It is not necessary to decide whether this definition is broad enough to include foreign banks which receive deposits and make loans thereon, for the term "mortgage loan or investment company" is defined to be any corporation, other than an insurance company, formed under the laws of this or any other state, and doing business in this state, for the purpose of selling or offering for sale bonds or notes secured by mortgage of real estate, and, when ap-

plied to any foreign corporation doing business in this state, it shall include any association organized or existing under the laws of any other state or country, and engaged in this state in any such business. The Western Farm Mortgage Trust Company was formed, among other things, to loan money upon real estate, to negotiate loans on real estate, and to issue and sell its debentures secured by pledges of notes or bonds, which are, according to the course of such business, secured by mortgages. If the definition of the statute of 1892 is to govern, section 394 is applicable to foreign corporations of the class of which the mortgage company in question was a member, if it did business within the state of New York. The decision of the majority of the court was not based upon the amendment of 1897. It will be recollected that the opinion did not decide that the statute of limitations of Kansas, which was for three years, was not controlling, but that, if the lex fori was to control, the three-years statute of New York was applicable. The application for reargument is denied.

LACOMBE, Circuit Judge. I concur fully in the memorandum filed on denying petition for rehearing. Nevertheless, I am individually of opinion that the statute of limitations applicable to cases of this sort is the statute of limitations of the state whose lawmaking power has created the liability; or, rather, that the action cannot be maintained in another state when a period of time has elapsed which would defeat the action in the home state, although, possibly, that period may be still further curtailed by the statute of limitations of the state in which the action is brought.