### DAVIS v. MILLS et al.

#### (Circuit Court, D. Connecticut. February 20, 1902.)

#### No. 457.

CORPORATIONS—TRUSTEES—FAILURE TO FILE REPORT—ACTION—LIMITATIONS.

Where an action was commenced in Connecticut in 1897 against the trustees of a Montana corporation to recover of them individually debts owing by the corporation in 1893, because of the failure of such trustees to file the report which they were required by statute to file in that year, the action was barred either under Code Civ. Proc. Mont. § 515, providing that an action upon a statute for a penalty or forfeiture given to an individual must be brought within two years, or Gen. St. Conn. § 1379, providing that no suit for any forfeiture upon any penal statute shall be brought after one year from the commission of the offense.

John A. Shelton and William A. Wright, for plaintiff.
Gross, Hyde & Shipman, for defendants.

TOWNSEND, District Judge. Demurrer to complaint in action at law. This case has already been considered on motion for leave to amend (83 Fed. 982), and on demurrer to plea to jurisdiction (99 Fed. 39). The present demurrer is on the ground that the cause

of action is barred by the statutes of limitations both of Montana and Connecticut. The defendants contend as follows:

"First, that the statute of the state of Montana under which this action is brought is penal, in so far as the application of the statute of limitations is concerned; second, that the statute of limitations of the state of Montana must govern the decision of this court; and, third, that, whether the statute of the state of Montana or the statute of the state of Connecticut is applied, the court must hold that the plaintiff's cause of action is barred."

The question of the character of the Montana statute was exhaustively discussed on a former hearing, and was fully considered in the opinion. The conclusion was there reached that the statute was not a penal one in the sense that it could not be enforced in a foreign jurisdiction. 99 Fed. 39. The statute of Montana (Code Civ. Proc. § 515) reads as follows:

"Sec. 515. Within two years. (1) An action upon a statute for a penalty or forfeiture when the action is given to the individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation."

The Connecticut general statute as to penalties is as follows:

"Sec. 1379. No suit for any forfeiture upon any penal statute shall be brought but within one year next after the commission of the offense."

That the statutory liability in this case comes within the terms of the Montana statute has been decided in the highest court of that state (Gans v. Switzer, 9 Mont. 408, 413, 24 Pac. 18; Elkhorn Trading Co. v. Tacoma Min. Co., 16 Mont. 322, 40 Pac. 606; Bank v. Johnson, 45 Pac. 662, 33 L. R. A. 552, 56 Am. St. Rep. 591; Wethey v. Kemper, 17 Mont. 491, 43 Pac. 716), and the construction of the Montana statute is binding upon this court. Plaintiff claims strongly that the Connecticut statute of limitations, and not that of Montana, must be applied. If the liability comes within the terms of the Montana statute, it would seem that it also comes within that of the Connecticut statute. The words "penalty or forfeiture" in the Montana statute are substantially equivalent to the words "forfeiture upon any penal statute" in the Connecticut statute. If the Connecticut statute above quoted is not applicable, it is not clear that any statute of that state would bar this action, and the liability of defendants might thus be continued indefinitely. While there is no decision of the highest court in Connecticut precisely bearing upon the question arising here, Mitchell v. Hotchkiss, 48 Conn. 18, 40 Am. Rep. 146, concerns a somewhat similar state of facts. The Connecticut statute provided that if the president and secretary of a corporation should intentionally neglect or refuse to file annually certificates showing the condition of the corporation with the town clerk, those officers should be liable for all the debts of the corporation contracted during the period of such neglect. The question raised was whether the cause of action survived the death of the officer who had become liable under this statute. The court held that the statute did not create any contract relation or duty between the creditors of the corporation and its president; that there was no privity between the president and the plaintiff, and that the former had owed the latter "no private duty from which a promise might be implied";

that the duty to be performed was a public duty, required by public policy for the general welfare; and that the willful neglect of the prescribed duty was a public wrong, invoking the penalty of the statute,—and cites various authorities to the same effect. A comparison of Mitchell v. Hotchkiss, supra, with Plumb v. Griffin, 74 Conn. 132, 50 Atl. 1, very recently decided in the supreme court of Connecticut, confirms this view. A statute of Connecticut provides that "any person who cuts trees or timber on the land of another without a license, shall pay to the party injured two dollars for every tree, or one for any timber." It was claimed that this was a forfeiture, and that suit must be brought within one year. The court holds that a statute which merely gives to the party injured increased damages, is not a penal statute. In Mitchell v. Hotchkiss the court held that the statute making officers of corporations liable for failure to file reports comes clearly within the definition of a penal one, and that the action did not survive against the executor. If necessary for the decision of this case, it should be held, following the intimation in Hobbs v. Bank, 37 C. C. A. 513, 96 Fed. 396, Id., 41 C. C. A. 205, 101 Fed. 75, and the decision in Brunswick Terminal Co. v. National Bank of Baltimore, 40 C. C. A. 22, 99 Fed. 635, 48 L. R. A. 625, that the Montana statute of limitations controls the operation of the statute governing the penalty in other states as well as in Montana; and, if this be not so, it should be held that the action is for a penalty and should be brought within one year under the Connecticut statute.

The demurrer is sustained.