In the Matter of the Application of WILLIE M. BOMAR, Petitioner, for an Order against ERNEST E. COLE, as Commissioner of Education of the State of New York, and the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondents.

Supreme Court, Special Term, Albany County, May 8, 1941.

*Herman E. Cooper* [*Moss Schenkinan* of counsel], for the petitioner.

*Charles A. Brind, Jr.* [*Joseph Lipsky* of counsel], for the respondent Commissioner of Education.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* of counsel], for the Board of Education of the City of New York.

MURRAY, J. This is a motion made by Willie M. Bomer, petitioner, for an order, alternative or final, directing the respondent, Ernest E. Cole, as Commissioner of Education of the State of New York, to conduct a hearing for the purpose of affording her a proper review pursuant to section 890 of the Education Law of the State of New York of petitioner's dismissal by the board of superintendents of the board of education of the city of New York, and for such other and further relief as may be just and proper in the premises.

The facts concerning which there is no dispute are as follows:

Petitioner was appointed a teacher of home economics in September, 1937, by the board of education of the city of New York. Her appointment was not permanent. It was probationary for three years. She was discharged after two years of service. Prior to her dismissal she was given a hearing by the board of superintendents who recommended to the board of education that her services as a teacher be terminated.

Pursuant to section 890 of the Education Law of the State of New York, petitioner appealed to the Commissioner of Education of the State of New York from a determination and decision of the board of education of the city of New York. The transcript of the testimony of the hearing held October 10, 1939, by the board of superintendents of the department of education of the city of New York, in the matter of the continuance of the services of petitioner as a teacher, was submitted to the Commissioner of Education. He also heard oral arguments in the matter and on August 20, 1940, rendered his decision in which he dismissed the appeal of

petitioner on the ground that petitioner was serving on probation; that she had not secured permanent tenure; that petitioner having been dismissed during the probationary term by the board of education, such dismissal was not a subject of review by him.

Petitioner does not question the power of the board of superintendents to recommend discontinuance of the services of a teacher serving a probationary term. It is her contention that the board of superintendents of the education department of the city of New York acted and exercised the discretion vested in them by subdivision 1 of section 872 of the Education Law in bad faith, capriciously and rooted in the desire to remove a person whose education and experience were too superior to be comfortable, and for such reasons this court has the power to review the alleged exercise of discretion reposed in the board of superintendents, and compel the Commissioner of Education to conduct a hearing for the purpose of according petitioner a " proper " review of her dismissal as a teacher.

Just what petitioner means by a " proper " review is puzzling. There is no statutory requirement which grants to petitioner the right of a hearing whatever. The board of education of the city of New York had an absolute right to discontinue the services of petitioner as a teacher without any hearing. Subdivision 1 of section 872 of the Education Law authorizes a board of education of a city to dismiss a teacher at any time during the probationary period.

: " The service of a person appointed to any of such positions may be discontinued at any time during such probationary period, on the recommendation of the superintendent of schools, and in a city having a board of superintendents on the recommendation of such board, by a majority vote of the board of education."

. A teacher having been dismissed by a board of education during a probationary period has no right to review such dismissal. It has been so decided. (*Matter of Williams*, 53 State Dept. Rep. 164; *Matter of O'Connor* v. *Emerson*, 196 App. Div. 807; affd., 232 N. Y. 561.)

: The record shows that even though no law or statute compelled the Commissioner of Education of the State of New York to grant petitioner a review of the final action of the board of education of the city of New York, nonetheless, he did so grant petitioner a hearing before him and upon the record after due deliberation, he found nothing to justify the claim of petitioner that the board of education acted in a capricious, arbitrary, unreasonable or unlawful manner in dismissing her.

The authority and jurisdiction of the Commissioner of Education are exclusive in all matters relating to the supervision and control of the public school system, the discipline of the schools and the management of the school property and the authority and discretionary acts on the part of officers or agencies of education. (*People ex rel. Walrath* v. *O'Brien*, 112 App. Div. 97; *Bullock* v. *Cooley*, 225 N. Y. 566, 577.)

A careful reading of the record convinces this court that petitioner was in no instance deprived of any of her legal rights. She was hired only on probation and knew this to be a fact when she accepted her position. The law is settled that in such an event she obtained no permanent tenure. She was subject to discharge at any time during such probationary period with or without any reason. The motion of petitioner accordingly is denied.

Submit order.