In the Matter of HELEN L. BLOCK, Petitioner, against ORDWAY TEAD et al., Constituting the Board of Higher Education of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 1, 1943.

*Samuel Rosenwein* for petitioner.

*William C. Chanler, Corporation Counsel, (Nicholas Bucci* and *Morris Weissberg* of counsel), for respondents.

BERNSTEIN, J. This is an application under article 78 of the Civil Practice Act for an order directing the Board of Higher Education of the City of New York to reinstate the petitioner to her former position of instructor in the department of philosophy of Brooklyn College with tenure upon the permanent instructional staff.

The facts are undisputed. The petitioner entered the employ of the respondent in 1932 as a tutor in the evening sessions of that college. Her appointment was for a period of one school term and her compensation was two dollars and fifty cents per hour. She continued there as a tutor on that basis until the end of the fall term of 1935. In 1936 she became an instructor in the evening sessions at a compensation of two dollars and seventy-five cents per hour (later increased to three dollars per hour) and continued as such until the end of the spring term of 1938. On September 1, 1938, she was appointed an instructor in the day sessions of the college at a compensation of $2,000 per annum and was continued there from year to year on an annual-

salary basis, with several increases, during the school years 1938-1939, 1939-1940, and 1940-1941. On July 1, 1941, she was appointed as a temporary instructor in those day sessions for a period ending January 31, 1942, at a monthly salary rate of $192.50, and on February 1, 1942, she was reappointed to that position for a further period ending June 30, 1942, on the same basis. These two latter appointments were stated to be " pending further information, without commitment for tenure and without prejudice to considering her for tenure in the future should the board so desire." The reference to further information, it is now stated, related to an investigation which the Board was then making concerning certain of petitioner's activities which might have a bearing upon her character and fitness. On June 30, 1942, the services of the petitioner were wholly terminated by dismissal.

It is the petitioner's contention upon this application that, on the basis of those facts, she acquired tenure pursuant to the provisions of section 1143-c of the Education Law, and that the Board was without right to discontinue her services in advance of the discontinuance of the services of other instructors who had no such tenure. She bases her claim of tenure upon the grounds: (1) that she had actually completed four full years of continuous service in the day sessions of the college under the provisions of subdivision 3, paragraph (a), of the section, and (2) that, after serving in the day sessions of the college on an annual-salary basis for three full years, she had been appointed for a fourth full year under the provisions of subdivision 3, paragraph (b), of the section. The petitioner's claim cannot be sustained on either ground.

A careful reading of those subdivisions indicates that the petitioner does not fit into the status of instructor described in either of them. The four years' service specified in subdivision 3, paragraph (a), is a service in the day sessions that had been *completed* on September 1, 1938, and not one that only *began* on that date. On the other hand, while the petitioner may have completed the three years' service specified in subdivision 3, paragraph (b), she failed of appointment for a fourth full year or at an *annual* salary, as therein provided, and cannot avail herself of its benefits. This conclusion must logically follow from the court's holding that the two successive appointments for school terms of seven months and five months at monthly salaries are not, for the purpose of establishing tenure, the equivalent of one appointment for a fourth full year on an annual-salary basis.

Tenure of employment of a public employee is the result of statutory enactments which have for their purpose the establishment of an increased security for the public employee. Being in derogation of the common law those statutory enactments must be strictly construed. (*Matter of O'Connor* v. *Emerson,* 196 App. Div. 807, 813.) Prior to the enactment in 1940 of section 1143-c of the Education Law, the Board had a free hand to appoint and, at pleasure, remove all employees not otherwise protected by civil service rules. (Education Law, § 68, subd. 7, and section 1143; section 113 of the Board's By-Laws, as amd. June 20, 1938.) That hand was free to discontinue the petitioner's services at the end of the third year, with or without reason or explanation. It could only cease to be free at that time in the event that, pursuant to the tenure statute, it chose to continue her services for a fourth full year on a basis of yearly compensation. It chose not to do so because of its then-pending investigation, and continued her in service on a short-term basis only to enable it to appoint her for a fourth full year, if its investigation disclosed her fitness for service on a tenure basis. That choice constituted an act of grace in the interest of the petitioner and did not result in conferring upon her a tenure that she did not have either on July 1, 1941, or on September 1, 1941. Not having acquired tenure, the petitioner was not entitled to a hearing before the termination of her employment or to a statement of reasons for her dismissal. (*Matter of Voll* v. *Helbing,* 236 App. Div. 44, 47; *Matter of Bomar* v. *Cole,* 177 Misc. 740, 742; *Matter of Schloderer* v. *Board of Higher Education,* New York Law Journal, Aug. 12, 1942, p. 328 [SCHREIBER, J.], affd. 265 App. Div. 811.) In that view of the petitioner's situation the court is without power to interfere with the determination of the Board, and the application is denied and the petition dismissed. Settle order.