J. Irwin Shapiro, J.
Application for an order reviewing the determination of the respondent Board of Higher Education of the City of New York (hereinafter called the Board) and adjudging thait petitioner is entitled to tenure and reappointment as an instructor in the department of political science for the Fall, 1958 term.
Petitioner is an instructor in the department of political science on the faculty of Queens College, which is under the jurisdiction of the respondent Board. He was first appointed to the faculty in September, 1955 and has now served three full years. If he were appointed for another full year he would acquire tenure, that is, the right to hold his position during *10 good behaviour and efficient and competent service and not to be removed except for cause. (Education Law, § 6206.)
On April 17, 1958, at a meeting of the department of political science he was recommended by a majority vote for tenure on the department’s staff. This was the first step in the procedure set up by the Queens College authorities for passing upon acquisition of tenure by members of the instructional staff. Thereafter, the matter is reviewed by the division of the college embracing that department, the college committee on personnel and budget, the administrative committee, and finally by the respondent Board. Apparently petitioner’s case was not processed beyond the initial step.
On May 19,1958 petitioner wrote to the provost of the college requesting confirmation of his appointment. Upon receipt of that letter the provost wrote to the chairman of the political science department, asking what reports had been made to the dean and “ what information you may have given-to Dr. Fallon.”
The chairman of the department replied that at a meeting of the voting members of the department of political science, held on May 1, 1958, he had reported a discussion between him and the provost regarding low registration and limited budget and had moved that the department rescind its action of April 17, and that said motion was adopted. The minutes of that meeting do not record the proposition put as a formal motion, nor do they indicate that any vote was taken; rather they recite that “ The Chairman reported that the Provost announced that, on the basis of the registration in the Department for the Fall Semester, 1958, the limited budget under which the College will be required to operate during the coming fiscal year will not allow for the appointment ” on tenure of Dale Gr. Fallon. The minutes continue “ In the light of the budgetary restrictions imposed upon the Department, it is, therefore, unable to carry into effect its action taken at the Departmental Meeting, Thursday April 17, 1958 in respect to Drs. Akzin and Fallon.” Presumably the acquiescence of those present in the chairman’s informal statement was regarded as the equivalent of a motion. The chairman of the department further stated, in his letter of reply, that at a subcommittee meeting held on May 13 the motion of another professor that no appointments be made to a part-time program until sections had been assigned to the full-time members of the division failed of adoption. The minutes of that meeting show that said motion was defeated by a vote of four to three.
On June 6, 1958, after petitioner was informed that he would not be reappointed for the Fall, 1958 term, he wrote a letter to *11 the chair lady of the Queens College administrative committee requesting favorable action by that committee in respect to his appointment to the permanent instructional staff. Thereafter he received a letter from the respondent Board, dated June 18, 1958, advising him that he would not be granted tenure or reappointment.
Respondent’s answering papers allege that on May 1, 1958, the department of political science rescinded its action of April 17, 1958, ‘1 because of the limited budget available ’ ’ and 1 ‘ the low registration for courses proposed to be offered in the Political Science Department.” The budget, prepared in November, 1957 and approved by the respondent Board in January, 1958 and by the Board of Estimate on April 1, 1958, contains the same number of teaching lines as the previous year’s budget. The preliminary registration for students for courses in the department of political science for this Fall exceeds that of last year. It is evident, therefore, that the reasons assigned by the respondent for rescinding approval of the petitioner are specious and the real reasons, for some reason, have not been disclosed. Playing hide and seek with a man’s livelihood should be beneath the respondents.
The Education Law provides that the respondent Board shall govern the public colleges within the City of New York (§ 6201) and shall appoint the teachers therein (§ 6202). For the purpose of appointments and promotions in the instructional staffs made after April 20, 1940, the Legislature has directed that the respondent Board ‘1 shall determine to what extent examinations are practicable to ascertain merit and fitness for each of the positions under its jurisdiction, and, in so far as examinations are deemed practicable, shall determine to what extent it is practicable that such examinations be competitive.” (Education Law, § 6206, subd. 7.)
What determination the Board has made in this respect does not appear, but it is not alleged that petitioner was originally appointed from a competitive list. If such were the case, the failure to permit him to continue beyond the probationary period would, of course, be reviewable by this court. (Matter of Maynard v. Monaghan, 284 App. Div. 280.)
A different situation obtains as to original appointment, even from an eligible list. In such case the court cannot compel appointment of any particular eligible. (Matter of Turel v. Delaney, 287 N. Y. 15; Matter of Berger v. Walsh, 291 N. Y. 220; cf. Matter of Hamilton v. Monaghan, 285 App. Div. 692, affd. 1 N Y 2d 877.)
*12 If, however, as seems to be the ease, petitioner’s original appointment was in the free choice of the Board, it has the power not to reappoint him. “The board shall establish positions, departments, divisions and faculties; appoint and in accordance with the provisions of law fix salaries of teachers and other employees therein”. (Education Law, § 6202.) This court cannot compel the Board to appoint the petitioner, no matter how well qualified he may be.
Section 146 of the Board’s by-laws provides that where the services of an instructor are to be discontinued at the end of the third full year of service, notice of the intention of the proper faculty authority not to recommend such person for reappointment shall be given in writing to the appointee by the president of the college not later than April 1 preceding the expiration of the third full year. If the Board itself acts unfavorably on a recommendation for tenure, notice shall be given as soon thereafter as practicable.
Petitioner did not receive prior to April 1 notice of intention not to recommend him for reappointment. Indeed, on April IT, 1958, he was recommended for tenure and it was not until May 1, 1958, that such action was rescinded, allegedly because of the limited budget and low registration. The failure of the college authorities to comply with respondents’ by-law has, undoubtedly, caused hardship to the petitioner in that he was misled into not seeking employment elsewhere until it was too late to do so. Such omission, however, is not equivalent to reappointment; otherwise the appointive power would reside in the administrative officers of the college by their mere inaction rather than in the respondent Board where the Legislature has placed it.
It is regrettable that petitioner has no redress, but this court is powerless to compel respondent Board to appoint petitioner to a fourth year of service. The choice is the respondents’, not this court’s. (Matter of Block v. Tead, 179 Misc. 554.)
The application must be denied and the petition dismissed. Submit order.
(Motion for reargument, September 29, 1958.)
Motion for reargument of petitioner’s application to review the determination of the respondent Board of Higher Education of the City of New York. Reargument is granted.
Upon the original hearing of this proceeding the court gave careful consideration to the points raised and came to the conclusion that upon the record in this case it lacked the power to compel the respondent Board to appoint the petitioner to a fourth year of service at Queens College. The court is still of the same opinion.
*13 In his memorandum of law, Dr. Fallon asks: “ If the Board does have this absolute free choice over appointments and is immune to the power and authority of this Court, and if it is not even limited by the New York and Federal Constitutional provisions, what is there to prevent the Board from denying an appointment or reappointment to a person,( no matter how well qualified he may be ’, simply because the pigment of his skin is black or he professes the Catholic faith.”
The law is not merely a composition of cold type; it is a living organism which moulds itself to meet the needs of an ever changing civilization and if there were any claim in this case by Dr. Fallon that he was the victim of racial or religious discrimination, this court, if such a claim were substantiated, would not hesitate to find a remedy to meet the situation. Here, however, nowhere within the four corners of his papers does Dr. Fallon make such a contention.
Reduced to its essentials, his position is that he has a legal right to be reappointed to his position for a fourth year and thus acquire tenure. This court has heretofore determined that he has no such legal right. Whether he was to be given or denied reappointment rested in the discretion of the Board of Higher Education and even if this court disagrees with the manner of such exercise, it does not in the absence of illegality, fraud, collusion, corruption or bad faith have any right to sit in judgment upon the Board’s determination of questions of administrative discretion or interfere with the- conduct of the city’s colleges.
There is no proof that the action of the Board of Higher Education— and in the final analysis it is the action of that body that is sought to be reviewed — was motivated by any of the malevolent factors above enumerated.
There is, therefore, no warrant for judicial' interference. Upon reargument, the decision is confirmed.
Submit order.