In the Matter of BARBARA M. ROSEN, Respondent, *v.* BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, December 20, 1966.

*Isidore Heyman* of counsel (*Seymour B. Quel* and *John J. Loflin* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant.

*Henry C. Woicik* for respondent.

STEVENS, J. Respondent Board of Higher Education of the City of New York (Board) appeals from a judgment entered September 9, 1966. The judgment appealed from granted petitioner's application for an order prohibiting the Board from summarily removing petitioner from her position as a teacher at Hunter College High School to the extent of remanding the matter to the Board for a formal hearing on the cause of petitioner's discharge.

The issue before Special Term and the issue on appeal is whether petitioner is entitled to tenure. Special Term found that petitioner is so entitled.

The essential facts are not in dispute. On or about September 10, 1962 petitioner was first employed by the Board as a teacher. By letter dated January 10, 1963, the Board notified petitioner: "You are hereby advised that at a meeting of the Board of Higher Education held on 11/19/62, Calendar Number 32, your appointment at Hunter College was approved, subject to financial ability, schedule conditions and sufficiency of registration, as follows: Rank: Temporary Teacher. Department: Health Education. Period: 9/10/62–6/30/63 plus 7/1/63–8/31/63 (full program). Salary Rate: $450 per month." Subsequently petitioner was reappointed at an annual salary for three school years, September 1, 1963 through August 31, 1966. By letter dated November 18, 1965, petitioner was notified she would not be employed for the 1966–67 school year. In other words, she would not be appointed as a tenure teacher.

Petitioner successfully contended below and urges here that she had acquired tenure, could not be summarily discharged, and was entitled to a hearing. Petitioner asserts she was always employed on an annual basis and by reason thereof she became a tenured teacher in September, 1965. Petitioner directs attention to section 11.7 of article XI of the by-laws of the Board and contends, if her service were to be terminated, its provisions require the giving of notice " not later than April first preceding the expiration of the third full year of service " and such notice was not given. That section provides further, if the Board acts unfavorably on a recommendation for tenure, notice shall be given as soon thereafter as practicable.

It has been held the failure to comply with the by-law requiring the giving of notice is not deemed to be the equivalent of the affirmative action for reappointment required by the statute (*Matter of Fallon* v. *Board of Higher Educ.*, 14 Misc 2d 9, affd. 9 A D 2d 766; Education Law § 6206).

" Tenure " is defined as follows: " ' Tenure ' shall mean the right of a person to hold his position during good behavior and efficient and competent service, and not to be removed therefrom except for cause in the manner specified " (Education Law, § 6206, subd. 1, par. [d]; By-laws of the Board, art. XI, § 11.1, subd. a). Tenure as defined under the Education Law and the by-laws of the Board has been held to be " in derogation of the common-law right of contract on the part of public authorities in engaging public servants of this character, and should be strictly construed " (*Matter of O'Connor* v. *Emerson*, 196 App. Div. 807, 813). Article XI of the by-laws with respect to instructional staff and other persons follows almost exactly the provision of section 6206 of the Education Law. In both permanent instructional staffs are defined as consisting of " a. All persons employed on *an annual salary basis* in the day sessions of the educational units * * * [as] teacher, who, on the first day of September, nineteen hundred thirty-eight, serving in any of the * * * positions enumerated in this paragraph and had completed at least four full years of continuous service on *an annual salary* from the date of their appointment to any of the grades or positions enumerated in this paragraph, or who had so served at least three full years and had been appointed for a fourth full year; (b) All other persons employed on *an annual salary basis* in the day sessions of the educational units under the jurisdiction of the board in the grades of * * * teacher * * * who, after serving on *an annual salary* in any of the grades or positions enumerated in this pargraph for three full years continuously, have been appointed or shall be appointed

for a fourth full year '' shall have tenure. The requisite both under the Education Law and under the by-laws is that the person be employed on an annual salary basis and that they have completed either four full years of continuous service or three full years and have been appointed for a fourth full year.

Petitioner's argument that she was appointed originally on an annual basis because the terms of the appointment taken together ran from September 10, 1962 to August 31, 1963 despite the fact that such appointment was at a stated monthly salary must fall. *Matter of Block* v. *Tead* (179 Misc. 554) was a case substantially similar factually to the case before us. There the petitioner, after serving three full years at an annual salary basis, received two successive appointments for school terms of 7 months and 5 months respectively at a monthly salary. It was held that such appointments for the purpose of establishing tenure were not the equivalent of a fourth full year on an annual salary basis for the purpose of establishing tenure. In *Matter of Block* v. *Tead* the temporary service followed upon the service of an annual salary basis, while in the case before us the temporary service at a stated monthly salary preceded three full years' service on an annual salary basis. The principle enunciated in *Matter of Block* v. *Tead* is here applicable. Petitioner, despite her general argument to that effect, has not raised any statute or rule of law that obligated respondents to hire her on an annual salary basis, merely because she was employed for the actual school year and on a full-time program.

It would seem also that only those members of the instruction staff who are employed on an annual salary basis are eligible for membership in the teachers' retirement system (see Administrative Code of City of New York, § B20–1.0, subds. 7, 8; §§ B20–50.0, and G51–51.1). It is not disputed that petitioner did not become a member of such system until she was employed on an annual salary basis. In other words she did not become a member during her first year service. Since the action taken with respect to petitioner was in accordance with the applicable provisions of the law, this court is not permitted to substitute its judgment for that of the Board. Accordingly, the judgment appealed from should be reversed, on the law, and the petition dismissed, without costs.

BREITEL, J. P., RABIN, McNALLY and CAPOZZOLI, JJ., concur.

Judgment unanimously reversed upon the law, without costs or disbursements, and the petition dismissed.