In the Matter of the Claim of GEORGE CLARK, Appellant, *v.*
THE WATER COMMISSIONERS OF AMSTERDAM, Respondent.

1. STATUTE OF LIMITATIONS — SPECIAL PROCEEDING. Subdivisions 2 and 3 of section 382 of the Code of Civil Procedure, which impose the six years' limitation upon "an action to recover upon a liability created by statute," and upon "an action to recover damages for an injury to property," may be read as including a special proceeding as well as an action to recover upon a claim as therein stated.

2. EMINENT DOMAIN — LIABILITY FOR COMPENSATION — STATUTE OF LIMITATIONS. The liability to pay for private property taken for a public use is a liability created by the Constitution, and is not created by a statute which empowers a municipality to take land and provides the procedure by which compensation is to be obtained; hence, a proceeding by a landowner to obtain compensation through the procedure provided by such statute is not a proceeding "to recover upon a liability created by statute," and is not within the six years' limitation imposed by subdivision 2 of section 382 of the Code of Civil Procedure.

3. EMINENT DOMAIN — COMPENSATION — STATUTE OF LIMITATIONS. A proceeding by an owner of land taken for a public use, to obtain compensation for the land taken and for the resulting depreciation in his remaining property, through the procedure provided by the statute authorizing the taking, is not a proceeding "to recover damages for an injury to property," and hence is not within the six years' limitation imposed by subdivision 3 of section 382 of the Code of Civil Procedure.

4. VILLAGE OF AMSTERDAM — LAND TAKEN FOR WATER SUPPLY — COMPENSATION — STATUTE OF LIMITATIONS. The six years' limitation

1

imposed by subdivisions 2 and 3 of section 382 of the Code of Civil Procedure does not apply to a proceeding by an owner of land, taken and appropriated by the village of Amsterdam for the purpose of obtaining a water supply, under chapter 101, Laws of 1881, as amended by chapter 197, Laws of 1882, to obtain compensation, through the appointment of commissioners of appraisal, as provided by those acts, where the village authorities failed to apply for the appointment of such commissioners before taking the land.

5. APPEAL. An order of General Term reversing an order of Special Term affirming an award of commissioners appointed on the application of a landowner, to appraise his compensation for land taken for a public use, and dismissing the whole proceeding and leaving the applicant without any award whatever, is appealable to the Court of Appeals.

*In re Clark* v. *Water Comrs.* (74 Hun, 294), reversed.

(Argued December 6, 1895; decided December 19, 1895.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 6, 1893, which reversed an order of the Special Term modifying and confirming as modified an award of commissioners of appraisal.

For the purpose of enabling the village of Amsterdam to provide the citizens thereof with a supply of water the legislature passed an act (Chap. 101 of the Laws of 1881) giving power to the water commissioners, therein provided for, to obtain by condemnation the necessary lands, tenements, rights and property. That act was amended by chap. 197 of the Laws of 1882. By these acts the water commissioners were empowered, before taking possession of any property, to apply to the Supreme Court, upon notice for the appointment of commissioners, to determine the damages that might be sustained by any owner by reason of the proposed taking of his lands, tenements, hereditaments, rights or property for the purpose mentioned in the acts referred to. And it was provided in amended section 5 of the act of 1882 that in case the water commissioners failed to make such application to the court "*before taking and using* such lands, tenements, hereditaments, rights or property," then, "*at any time after the commissioners took possession or use of such lands*," the

owner might serve upon the commissioners, and all others interested in the question, ten days notice of his intention to apply to the court for the appointment of commissioners of assessment, and upon such application the court was empowered to proceed in the same manner as though the application had been made by the water commissioners. The commissioners of assessment were required to take the oath provided for by the Constitution, and were directed to personally examine each parcel of land or other property to be taken or used, and estimate and report to the court at any term thereof held in said district the several sums which would be a just compensation to such owners or persons interested respectively for the appropriation for the purposes of the act of any property, rights or privileges that might be so required, or for the title or use of any such property.

The land of the applicant in this proceeding was taken and appropriated by the water commissioners under these acts in September, 1882, without any steps having been taken by them to have the amount of compensation due the owner for the taking of such property appraised according to the provisions of the act. The land thus appropriated has remained in the possession of the city of Amsterdam through its water commissioners from that time onward, and no proceeding was taken by any one looking towards the exacting compensation for the property of the owner taken by the water commissioners until sometime in March, 1892, not quite ten years from the time when the water commissioners originally took possession of that property. At this time (March, 1892) the owner commenced this proceeding under the acts mentioned, for the purpose of obtaining compensation for his property thus taken by the city for public purposes. Under those acts the owner, upon notice, made application to the court for the appointment of commissioners to appraise the amount of his compensation for property taken and appropriated, and upon a hearing of such application, the water commissioners, as one ground of opposition, set up the Statute of Limitations in bar of any proceeding whatever. The opposition of the city was

overruled, the commission was appointed, took evidence and reported the amount of compensation due the owner for the taking of his property by the water commissioners, which report was affirmed at the Special Term and the order entered thereon was reversed by the General Term in the third department and the proceedings dismissed on the ground that the bar of the statute was a conclusive answer to the applicant's petition.

The applicant has appealed to this court.

*Andrew J. Nellis* for appellant. The Statute of Limitations is no bar to this proceeding. (Laws of 1882, chap. 197, § 6 ; Laws of 1881, chap. 101, § 6 ; *Bucklin* v. *Ford*, 5 Barb. 393 ; *Hawley* v. *Whalen*, 64 Hun, 550 ; *W. W. M. Co.* v. *Shanahan*, 128 N. Y. 345 ; 1 R. S. [7th ed.] 642, § 48 ; *Mark* v. *The State*, 97 N. Y. 572.) The procedure authorized by section 5 of chapter 101 of the Laws of 1881, as amended by chapter 197 of the Laws of 1882, is applicable to the case at bar ; and is not repealed by the Condemnation Law, section 3383. *(People* v. *Quigg*, 59 N. Y. 83 ; Laws of 1892, chap. 677 ; *In re S. B. R. R. Co.*, 58 Hun, 497 ; Const. N. Y. art. 1, § 7.) The Supreme Court, by its order appointing the commissioners on the appellant's application, decided the point of the Statute of Limitations and the point of the repeal of this statute against the contention of the respondent, the board of water commissioners ; and its decision is the settled law of this case and not reviewable here or at General Term. (Code Civ. Pro. §§ 413, 1301 ; *Reese* v. *Smyth*, 95 N. Y. 645 ; *Dick* v. *Livingston*, 41 Hun, 455 ; *Piper* v. *Van Buren*, 27 Hun, 384 ; *Cowenhoven* v. *Ball*, 118 N. Y. 231.) The objections of the appellant based upon the petition and the want of certain allegations therein with reference to the diversion of water, etc., are futile. (*In re Church*, 92 N. Y. 1 ; Laws of 1882, chap. 197, § 5 ; *In re W. S. R. R. Co.*, 29 Hun, 609.) No error was committed by the commissioners of assessment in allowing interest as part of the just compensation to be made to the petitioner. (*In re*

*Widening Wall Street*, 17 Barb. 617; *Wilson* v. *City of Troy*, 60 Hun, 183, 186; *Andrews* v. *Durant*, 18 N. Y. 496; *McCormick* v. *Penn. C. R. R. Co.*, 49 N. Y. 304, 315; *Hyde* v. *Stone*, 7 Wend. 354.) The award of the commissioners of appraisement has been confirmed by the Supreme Court at Special Term; it is based upon correct principles, and upon this appeal it should not be disturbed for technical errors, if there be any, in the admission or rejection of testimony. (*In re S. C. & D. R. R. Co.*, 45 N. Y. S. R. 66; *In re B. & G. R. R. Co.*, 37 N. Y. S. R. 343; *In re Thompson*, 14 N. Y. S. R. 522; *In re N. Y., etc., R. R. Co.*, 22 N. Y. S. R. 839; *In re Boston Road*, 27 Hun, 409; *In re N. Y. & B. Bridge*, 137 N. Y. 95, 98.) Objection was made by the water commissioners at General Term that the court at Special Term had no power to amend or change the award, but this objection cannot avail. (Laws of 1882, chap. 197.)

*E. Countryman* for respondent. The claim of the appellant is barred by the Statute of Limitations. (Laws of 1871, chap. 101, § 5; Laws of 1882, chap. 197, § 6; Code Civ. Pro. §§ 382, 414, 415; *Smith* v. *People*, 47 N. Y. 330; *Embury* v. *Connor*, 3 N. Y. 511; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Mark* v. *The State*, 97 N. Y. 573; *In re P. B. Co.*, 108 N. Y. 483; *Rogers* v. *Bradshaw*, 20 Johns. 735; *Wheelock* v. *Pratt*, 4 Wend. 648, 649; *Polly Case*, 9 Barb. 449; *Rexford* v. *Knight*, 11 N. Y. 308; *Chapman* v. *Gates*, 54 N. Y. 133; *Rider* v. *Stryker*, 63 N. Y. 136; *In re U. S.*, 96 N. Y. 227; Laws of 1881, chap. 101, § 3; 3 Sedg. on Dam. § 1149.) The objections interposed by the appellant that the question of the Statute of Limitations is not presented to the court, or involved in this appeal, because the notice of appeal does not in terms refer to the preliminary order of the Special Term appointing the commissioners to ascertain and award the damages; and that the order appointing the commissioners is an intermediate order, which must be specified in the notice of appeal, are untenable. (*In re Argus Co.*, 138 N. Y. 566; *In re S. B. R. R. Co.*, 146 N.

Y. 352; *Proctor* v. *Soullier*, 82 Hun, 353; *Stryker* v. *Kelly*, 7 Hill, 19; *In re Donnelly*, 121 N. Y. 9; Laws of 1881, chap. 101; Laws of 1882, chap. 197; *In re U. S.*, 96 N. Y. 227; *W. M. M. Co.* v. *Shanahan*, 128 N. Y. 346.) This court has no power to review the decisions of the General Term rendered upon an appraisal and report of commissioners to assess the damages. (*In re Watson*, 128 N. Y. 600; *In re S. B. R. R. Co.*, 141 N. Y. 532; 143 N. Y. 253; *In re Board of Street Opening*, 133 N. Y. 436; *Marvin Case*, 85 N. Y. 278, 284; *Deland* v. *Richardson*, 4 Den. 95; *Gillespie* v. *Torrence*, 4 Bosw. 46; *Scott* v. *Pilkington*, 15 Abb. Pr. 280; *Scott* v. *Morgan*, 94 N. Y. 508, 515; *People* v. *Supervisors*, 70 N. Y. 228; *Allard* v. *Greasert*, 61 N. Y. 1, 4; *Simar* v. *Canaday*, 53 N. Y. 298; *Ward* v. *Craig*, 87 N. Y. 550.) The commissioners of assessment adopted an improper rule of damages and an erroneous theory of valuation, receiving evidence of alleged injuries to property not set forth in the petition or claim, and not allowable as compensation for the property appropriated; and these errors resulted in an award of damages grossly excessive. (*Stacey Case*, 86 Hun, 441, 452–460; *In re N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 191; *In re Water Commissioners*, 96 N. Y. 351; *In re W. S., etc., R. R. Co.*, 37 Hun, 317; *T. & B. R. Co.* v. *Lee*, 13 Barb. 169; *In re N. Y., L. & W. R. Co.*, 27 Hun, 151; *In re N. Y., L. & W. R. Co.*, 29 Hun, 1; *In re W. S. R. R. Co.*, 29 Hun, 609, 612; *In re El. R. Co.*, 76 Hun, 375; *Barnard Case*, 9 Hun, 104; *In re N. Y. El. R. Co.*, 36 Hun, 427; *Bohm* v. *E. R. Co.*, 129 N. Y. 576; Gould on Waters [2d ed.], § 204; *Cary* v. *Daniels*, 3 Metc. 466; *Hamer* v. *B. H. W. Co.*, 78 Maine, 127; *In re Folmsbee*, 142 N. Y. 118; *In re Stark*, 50 Hun, 385; *In re Thompson*, 43 Hun, 416.) If it should be held by this court that it cannot review questions involving the amount or relating to the question of damages where the award has been confirmed by the Special Term, that rule does not apply to a case like this where the order changes the award, or in any case where such award is increased or diminished in amount. (*In re N.*

*Y. & B. B. Co.*, 137 N. Y. 95, 98; Const. N. Y. art. 1, § 7; *R. W. W. Co.* v. *Wood*, 41 How. Pr. 53; *In re Middletown*, 82 N. Y. 196; Laws of 1887, chap. 264.)

PECKHAM, J.   We think the General Term erred in holding that the Statute of Limitations constituted any bar to this proceeding.   It is objected to a recovery that the proceeding is one to recover upon a liability created by statute, and that it is also one to recover damages for an injury to property. The claim is made under subdivisions 2 and 3 of section 382 of the Code of Civil Procedure, by which the petitioner's cause of action, if of the nature above described, would be barred after six years had elapsed from the time the proceeding might have been commenced.   It will be seen that the 2nd and 3rd subdivisions of the above section 382 refer in terms to an action, but by section 414 it is provided that "the provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action *or special proceeding*, except in one of the following cases."   The exception does not apply to this case.   And by section 415 the periods of limitation are to be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, to the time when the claim for relief is actually interposed by the party as a plaintiff or defendant in a particular action or special proceeding.   Section 382 may be read, therefore, as to its subdivisions 2 and 3 as if it included a special proceeding as well as an action to recover upon a claim as therein stated.

We are of the opinion that this proceeding comes under neither subdivision of the section above quoted.   It is in no sense a proceeding to recover upon a liability created by statute.   The liability in this case is a liability to make compensation to the owner of lands and property taken by the water commissioners under the provisions of the statutes above quoted.   The liability to pay for property taken is not created by either statute.   It is a constitutional liability instead of a mere statutory one.   The Constitution prohibits the tak-

ing of private property for public use, without due compensation being made therefor. The legislature in giving to the city of Amsterdam or its agents in its behalf the right to take property for public use, and in providing the proper proceeding to be followed in the taking of such property was creating no statutory liability whatever. It was simply delegating the power to take the land and providing the procedure by which the land might be taken and the constitutional liability to make due compensation might be carried out and enforced. Such a liability, we think, does not come within the second subdivision of section 382. The statute did not itself create the liability, although the compensation was to be collected by means of the procedure provided for by it.

Nor is it a proceeding to recover damages for an injury to property, as provided for in subdivision 3 of this section. It is not a proceeding to recover damages for anything. The water commissioners have not injured the plaintiff's property and he seeks to recover no damages for any injury to it within the meaning of the limitation statute. What he seeks is compensation in the shape of payment for the value of the property appropriated and taken by the city of Amsterdam, through its authorized officials, and the resulting depreciation in value of the remaining property. It all comes under the head of liability to make compensation for property taken. By statute they had a right to take such property upon payment being made, and when payment is made the title would pass, and although the water commissioners had a right to initiate the proceedings themselves, yet not having done so the owner himself could, under the same statute, inaugurate them. They are proceedings in either instance to provide for compensation and obtain payment for property taken, not to recover damages simply for property injured. The section of the statute under discussion does not, therefore, apply to this case.

The only other section which might be applicable is section 388, which provides that an action, the limitation of which is not specially prescribed in this or the last title, must be com-

menced within ten years after the cause of action accrues. The answer to that provision lies in the fact that the proceedings here were commenced before the expiration of the ten years provided for therein.

Again, the counsel for the respondents here contends the order of the General Term is not appealable to this court. If the General Term had affirmed the Special Term and the city of Amsterdam desired to review here the amount of the appraisal, the court could not hear the appeal. But the order of the General Term reversing and dismissing the whole proceeding and leaving the applicant without any award whatever, is appealable to this court, and we have never held to the contrary.

We have looked through the record, and though possibly there may have been some evidence allowed which, upon a strict construction of the rules of evidence applicable to a jury trial at common law ought not to have been admitted, yet we are quite clear in the view that the admission of such evidence ought not to effect a reversal of the award. It may be too that the commissioners were quite liberal in their allowance to the petitioner, but with that we cannot interfere.

We think upon the whole that substantial justice was done in this case by the Special Term, and the order of the General Term should be reversed and that of the Special Term affirmed, with costs to the appellant in all courts.

All concur.

Ordered accordingly.