■ ADELE W. HOBAN et al., Respondents, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order granting respondents' motion for summary judgment striking out the answer and directing an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. The record presents issues of fact which should be resolved after trial. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ KARL HOFFMAN, Appellant, v. ANTHONY RACONELLO, Doing Business under the Name of MODERN ASPHALT DRIVEWAYS, Respondent, et al., Defendants.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a dismissal of the complaint at the close of appellant's case, on the ground that appellant was at best a mere licensee on the premises. Respondent was engaged in laying blacktop on a parking lot owned by a third person. Appellant was injured when he fell on the parking lot while running from an explosion. The explosion occurred in a pot in which a fire was being tended by respondent's employee in connection with that work. Judgment affirmed, with costs. No opinion. Wenzel, Acting P. J., Beldock, Murphy and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Under all the circumstances a question of fact was presented as to respondent's negligence. The distinction between a licensee and an invitee is so nebulous and unreal that it must be discarded. The only issue is whether there was negligence under all the prevailing circumstances. (Cf. *Kermarec* v. *Compagnie Generale*, 358 U. S. 625, 630, 631, and cases there cited.)

■ In the Matter of DALE G. FALLON, Appellant, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Appeal from an order denying the petition and dismissing the proceeding. Appellant sought to review respondents' determinations and to direct his appointment to the permanent instructional staff of Queens College. Order unanimously affirmed, without costs. Despite the fact that appellant was not notified before April 1, 1958 of the intention not to recommend him for reappointment for a fourth year of service (the decision not to recommend having been made after April 1, 1958), and despite the fact that such failure to notify was in contravention of section 146 of the by-laws of the Board of Higher Education, the failure to comply with that by-law may not be deemed to be the affirmative action for reappointment required by statute. (Education Law, § 6202.) The court may not substitute its judgment for that of the board. Present— Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. [14 Misc 2d 9.]

■ In the Matter of CARL FRANGIPANI, Appellant, against CHARLES A. WOEHNING et al., Respondents.— Order unanimously affirmed, without costs. No opinion. Present— Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ ERNA M. LOEB et al., Respondents, v. CATHERINE TERRILL et al., Appellants.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal as limited by appellants' brief is from a judgment, entered after trial before the court without a jury, in favor of respondents and against appellants. Judgment unanimously affirmed, with costs. No opinion. Present— Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.