**James R. McCOY, Sr., Plaintiff,**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Thomas Donnelly, New York Police Department, Michael Bramble, Gerald Kiernan, Robert Lamirata, Defendants.**

No. 81 Civ. 6068 (JES).

United States District Court,
S.D. New York.

May 23, 1983.

James R. McCoy, Sr., plaintiff pro se.

John S. Martin, U.S. Atty., New York City, for defendants DEA and Thomas Donnelly; Carolyn Simpson, Asst. U.S. Atty., New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants New York City Police Dept., Michael Bramble, Gerald Kiernan and Robert Lamirata; Anita Lubetsky, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 (1976) against the Drug Enforcement Administration ("DEA"), Thomas Donnelly, a special agent of the DEA, the New York Police Department, and Michael Bramble, Gerald Kiernan and Robert Lamirata, employees of the New York Police Department, alleging that they violated his fourth and fifth amendment rights in that they unlawfully seized his BMW automobile ("BMW"). Plaintiff seeks a declaratory judgment that the seizure of the BMW was unlawful, an injunction compelling its return and punitive damages of $30,000 against each defendant.

While plaintiff's complaint is not particularly precise, the following alleged facts seem clear. The BMW was seized on March 15, 1977, pursuant to 21 U.S.C. § 881 (1976) as a result of its use by plaintiff's son in a drug transaction. Plaintiff was thereupon duly notified of the commencement of a forfeiture proceeding.[1] In connection with that proceeding, plaintiff appeared by his attorney and filed a "claim of owner" and an answer requesting that the BMW be returned to him.[2] Thereafter, on June 22, 1978, a judgment was entered which (1) dismissed plaintiff's claim for return of the BMW; (2) directed that the BMW be con-

---

1. The judgment rendered by Judge Frankel forfeiting the BMW recites that plaintiff was notified (1) by certified mail on June 8, 1977 of the pendency of the action and of his right to file a claim and contest the forfeiture; and (2) by notice published in the New York Law Journal on July 7, 1977. *See* Affidavit of Carolyn Simpson of April 20, 1983 and Exhibits appended thereto. Although the certified letter was returned marked "Unclaimed," the notice was clearly sufficient. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); 28 U.S.C. § 2461 (1976); Fed.R.Civ.P.Supp. C(4). Moreover, the judgment also recites that plaintiff filed a peti-

tion with the DEA for remission or mitigation of the forfeiture, which petition was denied. It is clear, therefore, that plaintiff did in fact receive actual notice of the seizure.

2. The complaint for the forfeiture of the BMW was referred to Magistrate Harold J. Raby, who submitted a report to the Honorable Marvin E. Frankel dated May 12, 1978. Magistrate Raby's report recommended that a default judgment issue because counsel for defendant and claimant, plaintiff herein, failed to appear for pretrial conferences called by the Magistrate.

demned and forfeited to the United States; (3) severed and extinguished all rights to the BMW previously possessed by plaintiff; and (4) directed that the United States Marshal release and deliver the BMW to the DEA. Plaintiff did not appeal from that adverse judgment.

Plaintiff now contends that his constitutional rights were violated in that (1) the seizure was effected without a duly authorized search warrant in violation of the fourth amendment;[3] (2) he was never notified that the BMW was confiscated for any criminal activity; and (3) he never gave his son permission to use the car.

Defendants move to dismiss on the grounds, *inter alia*, that plaintiff's claim is barred by the statute of limitations. For the reasons which follow, these motions must be granted.[4]

It is well settled that an action commenced in a federal district court in New York against state and city officials pursuant to 42 U.S.C. § 1983 is governed by the three year statute of limitations set forth in N.Y.Civ.Prac. Law § 214(2) (McKinney Supp.1982–1983) ("CPLR 214(2)"); *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856, 866 (2d Cir.1981). It is also clear that the three year limitation period begins to run when plaintiff knows or has reason to know of the alleged deprivation. *Id.* at 859. Plaintiff can certainly be charged with knowledge of the act at issue here no later than June 22, 1978 when the judgment condemning and forfeiting the BMW to the United States was entered. The instant action was not commenced until October 1, 1981, more than three years later. While plaintiff

asserts that his failure to act was based on his belief that the BMW was being held as evidence, Affidavit of James R. McCoy, Sr. of June 21, 1982, plaintiff's belief, even if his explanation is accepted as true, has no relevance with respect to the statute of limitations defense asserted, unless it affords some basis for either tolling or for estopping the adverse party from asserting the defense. Neither is present here. Plaintiff has alleged no facts establishing that the government was responsible for creating or fostering his belief. There is, therefore, no basis in the record for the Court to find that the statute of limitations was tolled, or that defendants should be estopped from asserting it.[5] Accordingly, to the extent that plaintiff's action is premised on 42 U.S.C. § 1983, it is time barred.

Even assuming arguendo that defendants were acting as federal agents under the direction of the DEA at the time they engaged in the conduct complained of, and that the action is therefore grounded on *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (*"Bivens"*), it is nonetheless barred.

Although in *Regan v. Sullivan*, 557 F.2d 300 (2d Cir.1977), the Second Circuit observed that the appropriate statute of limitations for an action premised on *Bivens* might be either three years as provided in CPLR 214(2) for an action to recover upon a liability imposed by statute, or six years as provided in N.Y.Civ.Prac. Law § 213(1) for actions as to which no limitation is specifically prescribed, in the context of that case the claim was not barred under either statute. Therefore, the Second Circuit did

---

**3.** The Court notes that 21 U.S.C. § 881 does not require the issuance of a search warrant prior to the seizure. Rather, the statute requires only that the court conducting the forfeiture proceeding find that there was probable cause to seize the vehicle. 21 U.S.C. § 881; *see United States v. One 1977 Lincoln Mark V, Serial No. 7Y89A832686*, 453 F.Supp. 1388, 1391 (S.D.N.Y.1978).

**4.** It is, therefore, unnecessary to reach the other grounds advanced by the parties, to wit, (1) the DEA and Donnelly's contention that plaintiff's claim is barred by *res judicata;* and (2)

the remaining defendants' arguments that plaintiff's claim is barred by collateral estoppel, that plaintiff failed to allege that they were personally involved in any of the conduct complained of and that, with respect to the City of New York, plaintiff failed to state a claim upon which relief can be granted.

**5.** While plaintiff also asserts that he did not know about the statute of limitations, that circumstance is irrelevant. *Kohlasch v. New York State Thruway Auth.*, 516 F.Supp. 769, 776 (S.D.N.Y.1981).

not deal with the situation here presented where an action barred against state officers would not be barred against federal agents if the six year statute of limitation were applied.

A *Bivens* action is the federal analogue of a section 1983 action and is designed to afford redress for precisely the same unconstitutional conduct by persons who act under color of federal rather than state law. Therefore, there is no rational justification for applying a longer period of limitation with respect to federal agents than that which would be applicable where state, rather than federal, officers are involved. Moreover, a three year period of limitation affords ample time in which victims of alleged constitutional deprivations may seek redress.[6] It follows that no federal policy is or would be subverted by applying a three rather than a six year period of limitation.

Defendants' motion to dismiss is granted.

SO ORDERED.

---

**6.** It should be noted that, in *Regan,* defendant contended that a one year statute was applicable, a claim that may have well been inconsistent with the remedial purposes that the *Bivens* rule was designed to serve.