OPINION OF THE COURT
Eve Preminger, J.
Defendant moves to dismiss plaintiff’s complaint.
*664 Plaintiff was employed by Queens College in 1969 in its Department of Romance Languages, receiving one-year employment contracts from 1969 through 1975. Under section 6212 of the Education Law, upon the completion of five years of service as a faculty member in a tenure bearing title, an individual must be informed whether he will be reappointed and thereby granted tenure. In 1975 plaintiff was accordingly considered by various academic committees who recommended that he not be given tenure. Offered the opportunity to appeal, plaintiff did so in a letter dated October 30, 1975 which characterized the negative recommendation as arbitrary, discriminatory and retaliatory of unionizing activity he had engaged in at the college.
On November 14, 1975 the college president informed plaintiff that he had decided to accept the faculty’s recommendation not to grant him tenure despite plaintiff’s appeal. Plaintiff was advised that his employment with the college would end with the expiration of his current contract in August of 1976.
Within four months of the administrative determination that he not be reappointed, plaintiff brought an article 78 proceeding to challenge the decision. In that proceeding plaintiff claimed that the decision to deny him tenure was illegal since his length of service automatically entitled him to tenure. Plaintiff sought reinstatement and an order declaring his right to a permanent position at the college. That proceeding was adjudicated against the plaintiff (Pauk v Board of Higher Educ., 62 AD2d 660, affd 48 NY2d 930).
In August of 1979, more than three years after the notification of tenure denial, plaintiff instituted a Federal civil rights suit claiming that the college board of trustees and other defendants had violated his First Amendment rights in denying him tenure in retaliation for his union activities. He further alleged that the defendants had violated his contract rights as secured by section 6 of article V of the New York Constitution by failing to assess his teaching abilities according to his “merit and fitness.” That action was dismissed as time barred (Pauk v Board of Trustees of City Univ. of N. Y., 79 Civ 2250, US Dist Ct, *665 SONY, 1980, Mishler, J., affd 654 F2d 856 [CA2d], cert den 455 US 1000). The Federal court held that plaintiff’s civil rights claim accrued at the time he received notice of denial of tenure and found that the limitations period had run.
In October, 1981, plaintiff instituted the instant action, stating three causes of action. The first is a claim that by failing to renew plaintiff’s appointment on the basis of merit and fitness, defendant breached plaintiff’s employment contract. The second asserts that defendant’s conduct is violative of plaintiff’s rights under article V of the New York Constitution, and section 6212 of the Education Law. Plaintiff’s third cause of action attacks the constitutionality of the defendant’s policies of neither releasing the numerical results of balloting nor giving reasons for its decisions. The relief sought by plaintiff includes renewal of his employment contract, the grant of tenure and damages for lost salary and benefits.
Turning first to plaintiff’s third cause of action because it merits the briefest treatment, the court finds that it fails to state a cause of action. No reasons need be given a nontenured teacher who has been denied reappointment' (Matter of Legislative Conference of City Univ. of N. Y. v Board of Higher Educ., 38 AD2d 478, affd 31 NY2d 926; Matter of McMaster v Owens, 275 App Div 506; Matter of Fallon v Board of Higher Educ., 14 Misc 2d 9, affd 9 AD2d 766; Schlaflander v Brooklyn Coll., NYLJ, July 12,1967, p 13, col 7). The recent case of Gray v Board of Higher Educ. (692 F2d 901), cited by plaintiff for the contrary proposition, is inapposite. Plaintiff in Gray had the burden of establishing discriminatory intent in his suit under section 1981 of title 42 of the United States Code and for this reason the court granted him discovery of the vote of the panel which had denied him tenure. Nowhere in its opinion did the court recognize a cause of action similar to plaintiff’s nor is there even dicta to the effect that it is unconstitutional to withhold the reasons for a denial of tenure. Defendant’s motion to dismiss the third cause of action is accordingly granted.
Plaintiff’s first and second causes of action require mo-.v extended analysis.
*666 Defendant first argues that the remainder of plaintiff’s action is barred on the basis of res judicata by the article 78 proceeding which, asserts defendant, dealt with the same issues as the instant case. In Matter of Reilly v Reid (45 NY2d 24), the Court of Appeals discussed the general rules regarding the application of res judicata. Noting that the flexible principles of the Restatement of Judgments, Second, were in accord with New York law, the court stated that “no single definitional formulation is always determinative” (45 NY2d 24, 29). Guidelines were, nonetheless, enunciated. Where a party’s actions involve the same gravamen of wrong, the same transaction or series of transactions, and are different only in the grounds for relief, evidence presented, or remedies sought, the second claim is generally barred by res judicata (45 NY2d 24, 30). Analyzed in the light of these principles, plaintiff’s latest action is the exemplar of a case suitable for dismissal on res judicata grounds. The central wrong complained of is defendant’s allegedly improper denial of tenure to plaintiff, just as it was in the article 78 proceeding. So too is the relief sought similar. Only the “precise theory on which illegality of the action is predicated” is different (45 NY2d 24, 30).
Plaintiff contends that the rule of Reilly is inapplicable to him because it was legally impossible for him to assert all of his causes of action in the original article 78 proceeding. This is because the scope of a special proceeding is limited; a person seeking review of an administrative or quasi-judicial determination must proceed by way of an article 78 proceeding, but it is clear that he may not have vindication of his contractual rights in such a proceeding (Matter of Corbeau Constr. Corp. v Board of Educ., 32 AD2d 958; Matter of Oshinsky v Nicholson, 55 AD2d 619). If a party mistakenly brings a special proceeding seeking to enforce rights contained in a private employment contract, the court is only empowered to convert the special proceeding to an action which deals only with the contract claims (Gray v Canisius Coll, of Buffalo, 76 AD2d 30).
At one time it would not have availed plaintiff to complain of the fact that the law prevented him from pleading all of his theories of recovery in his first action. Originally *667 the law prohibited a litigant from bringing two suits stemming from the same wrong even when it was impossible for him to include all of his theories of recovery in the same suit. (“The plaintiff who fails to bring an action in a court capable of granting him complete relief has no further right to a second bite at the same apple” [International Rys. of Cent. Amer. v United Fruit Co., 254 F Supp 233, 238, affd in part and revd in part 373 F2d 408; and see Restatement, Judgments, § 62, Comment j, but see Comment k].)
This aspect of the rule of section 62 has been criticized as being unduly harsh (see International Rys. of Cent. Amer. v United Fruit Co., 373 F2d 408, 419, supra; IB Moore, Federal Practice, § 0.410, subd [2] [2d ed]). In some instances a litigant may be unable to press all of his theories of recovery in his initial suit either because the forum cannot entertain a particular theory of recovery, or because the form of action does not encompass it. These limitations are of little account if the litigant prevails in his claim, but if he loses he is unfairly prevented from recovering on the basis of his other theories.
In answer to this problem the Restatement of Judgments, Second, has abandoned the earlier rule.
Section 26 (subd [1], par [c]) of the Restatement of Judgments, Second (1982), now advises (pp 213,214) that a subsequent claim is not extinguished if, “the plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action”. This exception was not in issue in Reilly, or in subsequent cases.
In the instant case, and in the absence of case law to the contrary, application of the more recent and fair rule of the Second Restatement is warranted and leads to the conclusion that plaintiff is not barred from bringing the instant suit insofar as it seeks damages for breach of contract. As has been discussed, plaintiff could not have asserted his current contract claim in his special proceeding because he would have been entitled neither to “the relief requested [nor] to. prosecute [his] action in the form *668 in which it was brought” (Matter of Phalen v Theatrical Protective Union No. 1, 22 NY2d 34, 39). As one proceeding cannot encompass both a petition for mandamus relief and a damages action sounding in contract it is not unfair to permit plaintiff to bring two separate suits.
Moreover, equitable considerations demand the same result. Although there was a determination on the merits in the article 78 proceeding the issues were different from those of the instant case. In his earlier proceeding plaintiff requested recognition that he had acquired tenure by operation of law. In contrast, plaintiff’s current claim is that defendant has failed to adhere to the terms of plaintiff’s contract.
The same cannot be said for plaintiff’s second cause of action which is a constitutional claim. Although some administrative determinations are deemed legislative and may not be attacked on constitutional grounds in an article 78 proceeding (Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400) a determination which is not of general applicability but is in the nature of an ad hoc determination of an individual’s rights is reviewable (Solnick v Whalen, 49 NY2d 224, 232). Plaintiff’s second cause of action which specifically attacks the constitutionality of the board of trustees’ actions in denying plaintiff tenure falls under the latter category (Press v County of Monroe, 50 NY2d 695). The argument contained in plaintiff’s second cause of action could, therefore, have been raised in his earlier suit, and is consequently barred by principles of res judicata (Matter of Reilly v Reid, 45 NY2d 24, supra; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304).
The remaining issues concern the limitation period applicable to plaintiff’s first cause of action. Plaintiff asserts that the period is six years. Defendant argues that the Federal court found that plaintiff’s claim was governed by the three-year Statute of Limitations (CPLR 214) and that plaintiff is collaterally estopped from relitigating the issue.
The court is in agreement with plaintiff that the Federal court determined only the limitation period of plaintiff’s claim under section 1983 of title 42 of the United States Code and that plaintiff’s contract claim was not before the *669 court (plaintiff “is not suing for breach of contract, he is suing * * * for * * * constitutional tort”, 654 F2d 856, 863, supra). Additionally, although it is true that plaintiff would now be foreclosed from raising any matter he could have raised earlier (Schuylkill Fuel Corp. v Nieberg Realty Corp., supra, pp 306-307), such is not the case here. Once the District Court dismissed plaintiff’s Federal claim before trial it lost any jurisdiction it would have had to consider a pendent State claim (United Mine Workers of Amer. v Gibbs, 383 US 715, 726; McLearn v Cowen & Co., 660 F2d 845, 848).* Thus, as the Federal dismissal did not constitute a dismissal on the merits (Rudd v Cornell, 171 NY 114), and as the Federal court could not have decided the issue of the limitation period applicable to plaintiff’s contract claim, plaintiff is not collaterally estopped from now asserting that the period is six years.
Defendant next contends that either the three-year limitation period of CPLR 214 (subd 2) (for actions seeking recovery for a liability created by statute) or the four-month period of CPLR 217 (for article 78 proceedings) governs plaintiff’s action. Plaintiff seeks to have the court apply the six-year period contained either in CPLR 213 (subd 2) (applicable to contract actions) or CPLR 213 (subd 1) (the residual Statute of Limitations).
The court is cognizant of the rule which forbids a litigant from circumventing the four-month limitations period of CPLR 217 by cloaking his article 78 proceeding in the guise of a different form of action (Press v County of Monroe, 50 NY2d 695, supra; Moore v Board of Regents, 89 Misc 2d 23), but as previously discussed, plaintiff could not have pursued a contract claim in an article 78 proceeding. It is inappropriate, therefore, to apply CPLR 217 to plaintiff’s first cause of action.
This does not mean, however, that the six-year contract limitation period is the appropriate one.
The rule in New York is that essence or gravamen of the cause of action determines the applicable Statute of Limitations (Western Elec. Co. v Brenner, 41 NY2d 291, 293; Brick v Cohn-Hall-Marx Co., 276 NY 259, 264). Thus, as *670 the Federal court observed in plaintiff’s earlier action (Pauk v Board of Trustees of City Univ. of N. Y 654 F2d 856, 863, supra) when a contract incorporates pre-existing obligations independent of the contract, the limitation period is not the six-year period of CPLR 213 (subd 2), but the period appropriate to the nature of the action.
A reading of plaintiff’s first cause of action reveals that the essence of the contract claim is a violation of plaintiff’s constitutional and statutory rights. In other words, defendant breached plaintiff’s employment contract only in that it violated rights independently guaranteed.
Further, although plaintiff’s claim has some statutory component, it is basically a constitutional claim (Matter of Clark v Water Comrs. of Amsterdam, 148 NY 1). It is the Constitution which guarantees plaintiff the right to be appointed on the basis of merit; the Education Law merely makes article V specifically applicable to defendant. This distinction is crucial because the New York Constitution is not a statute for Statute of Limitations purposes (Matter of Clark v Water Comrs. of Amsterdam, supra). The essence of plaintiff’s-first cause of action is thus neither contractual nor statutory, but constitutional. For this reason, CPLR 213 (subd 1) is applicable to it and plaintiff’s action has not expired. Accordingly, defendant’s motion to dismiss the first cause of action is denied. The second and third causes of action are dismissed.

 This situation may be contrasted with the case in which the Federal court disposes of the Federal case on the merits, McLearn, v Cowen & Co. (48 NY2d 696).