Kathleen CHIN, Plaintiff,

v.

Otis R. BOWEN, in His Capacity as Secretary of the United States Department of Health and Human Services; Peter F. DiSturco, Individually and in His Capacity as Regional Commissioner of the Social Security Administration; and Unknown Named Employees of the Social Security Administration, Individually and in their Official Capacities, Defendants.

No. 86 Civ. 5755 (EW).

United States District Court, S.D. New York.

March 21, 1987.

Westchester Legal Services, White Plains, N.Y., for Kathleen Chin; Joy Blumkin, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for Peter F. DiSturco and Unknown Named Defendants; Diogenes P. Kekatos, Sp. Asst. U.S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Defendants Peter DiSturco, Regional Commissioner of the Social Security Administration ("SSA"), and unknown named employees of the SSA move to dismiss the constitutional tort claim of plaintiff Kathleen Chin on the ground, *inter alia,* that it was not brought within the statute of limitations. At issue is whether to apply New York's three year statute of limitations for actions based upon a liability imposed or created by a statute,[1] or the six year "catch-all" provision for causes of action for which no limitation is specifically prescribed.[2]

Chin, disabled due to an automobile accident, began receiving Social Security disability insurance benefits in June 1974. SSA terminated her benefits in March 1982. Although Chin received a letter from the New York State Department of Social Services on January 18, 1982, informing her that her records would be forwarded to SSA for a determination of whether she was still eligible for benefits, she never received notice that her benefits were actually terminated, or that she had the right to appeal from that determination.

From 1982 until 1986, Chin unsuccessfully reapplied for disability benefits. In February 1986, Chin retained her current counsel, who negotiated with attorneys for the government a disposition whereby she was granted retroactive benefits. The parties agree that her benefits had been terminated without substantial evidence that her condition had improved as required by 42 U.S.C. § 1382c(a)(5). At first, the government consented only to give plaintiff benefits retroactively to March 1985. However, when plaintiff commenced this action in July 1986, SSA agreed that her benefits would be paid retroactively to their termination in 1982. Chin nevertheless seeks damages of $25,000 from DiSturco and the unknown named defendants, arguing that their alleged failure to provide her with notice of the termination of her benefits and her right to appeal violated her rights under the due process clause. Plaintiff also alleges that she suffered emotional distress when her benefits were wrongfully terminated, was forced to sell her home, and could not afford adequate medical care.

## DISCUSSION

Plaintiff's alleged cause of action against the individual defendants, taken under *Bivens v. Six Unknown Agents,*[3] accrued in March 1982, when she ceased receiving disability benefits. She brought this action in July 1986, more than four years later. It is well-settled that where no federal statute of limitations is specifically stated, the court will adopt the most closely analogous one provided by state law if it is not inconsistent with federal law or policy to do so.[4] Defendants argue that New York's three year statute of limitations for actions brought pursuant to a liability imposed by a statute, C.P.L.R. § 214(2) applies to bar plaintiff's claim. Plaintiff contrariwise argues that New York's six year statute of limitations for causes of action for which no limitation is specifically prescribed by law, C.P.L.R. § 213(1), applies to allow her claims to go forward. Plaintiff further asserts that it would be inappropriate to apply § 214(2) to a *Bivens* claim because New York courts have held that the state

---

1. N.Y.C.P.L.R. § 214(2).

2. N.Y.C.P.L.R. § 213(1).

3. 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

4. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Runyon v. McCrary,* 427 U.S. 160, 180–82, 96 S.Ct. 2586, 2599–2600, 49 L.Ed.2d 415 (1976); *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Regan v. Sullivan,* 557 F.2d 300 (2d Cir.1977).

Constitution is not a "statute" for purposes of § 214(2).[5]

Our Court of Appeals has consistently held that claims brought pursuant to 42 U.S.C. § 1983 and arising in New York are governed by the three year statute of limitations in § 214(2).[6] While the Court of Appeals has yet to rule on the appropriate statute of limitations for a *Bivens* action, in *Regan v. Sullivan,*[7] the Court proposed two possibly applicable statutes of limitations for such an action—the three year time limit in § 214(2), or the six-year "catch-all" provision of § 213(1).[8]

Although the *Regan* Court did not have to choose between these two possibilities, district courts faced with the question have held that the three year limitations period is more appropriate.[9] Noting that a *Bivens* action is the federal counterpart of a § 1983 action, one court has opined that there is "no rational justification for applying a longer period of limitation with respect to federal agents than that which would be applicable where state, rather than federal, officers are involved."[10] Other reasons advanced for applying the three year period are that the Supreme Court has held the same immunity standards applicable to both *Bivens* actions and those brought pursuant to § 1983,[11] and that, contrary to plaintiff's argument, the Federal Constitution *may* be considered a "statute" for purposes of § 214(2).[12]

We agree that § 214(2)'s three year time limitation should apply to this action. *Bivens* actions and those brought under § 1983 often raise identical concerns, and the standards governing the two should be identical unless good reasons dictate otherwise.[13]

Even if New York courts do indeed follow the rule that the state constitution is not a "statute", this does not preclude a finding that § 214(2) is the most closely analogous statute of limitations for causes of action alleging constitutional torts. Because *"Bivens* defendants are federal officials brought into federal court for violating the Federal Constitution,"[14] New York has little, if any, interest in applying its state law to them. To the contrary, it would be inconsistent with the federal policy of having similar standards control *Bivens* and § 1983 actions for the Court to apply the six-year catch-all provision to this case. We therefore follow the approach of the other courts in this district and hold that C.P.L.R. § 214(2) is the appropriate statute of limitations in a *Bivens* action.

## CONCLUSION

Plaintiff's *Bivens* claim, brought more than three years after its accrual, is dismissed as time-barred.

So ordered.

**5.** *In re Clark v. Water Commissioners,* 148 N.Y. 1, 42 N.E. 414 (1895); *Pauk v. Board of Trustees,* 119 Misc.2d 663, 464 N.Y.S.2d 953 (Sup.Ct.N.Y. County 1983), *aff'd,* 111 A.D.2d 17, 488 N.Y.S.2d 685 (1st Dept.1985).

**6.** *See, e.g., Pauk v. Board of Trustees,* 654 F.2d 856, 859 (2d Cir.1981); *Singleton v. City of New York,* 632 F.2d 185, 190 (2d Cir.1980).

**7.** 557 F.2d 300 (2d Cir.1977).

**8.** *Regan,* 557 F.2d at 303–04.

**9.** *Hayes v. Federal Bureau of Investigation,* 562 F.Supp. 319, 323 (S.D.N.Y.1983); *Ross v. United States,* 574 F.Supp. 536, 541 (S.D.N.Y.1983); *McCoy v. Drug Enforcement Administration,* 563 F.Supp. 779 (S.D.N.Y.1983).

**10.** *McCoy,* 563 F.Supp. at 782.

**11.** *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Ross,* 574 F.Supp. at 541; *Hayes,* 562 F.Supp. at 324.

**12.** *Pauk,* 654 F.2d at 865; *Ross,* 574 F.Supp. at 536; *Hayes,* 562 F.Supp. at 323.

**13.** *Reuber v. United States,* 750 F.2d 1039, 1054, n. 20 (D.C.Cir.1984). Cf. *Morast v. Lance,* 807 F.2d 926, 931 (11th Cir.1987): (§ 1983 concepts of state action apply to determine whether action was taken "under color of federal law" for *Bivens* purposes).

**14.** *Carlson v. Green,* 446 U.S. 14, 24–25, n. 11, 100 S.Ct. 1468, 1474, n. 11, 64 L.Ed.2d 15 (1980).